GISKAN SOLOTAROFF ANDERSON & STEWART LLP
Attorneys at Law

December 21, 2015

**VIA ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *A.R., et al. v. City of New York, et al., 15 Civ. 9242 (RMB)*

Dear Judge Berman:

      I am co-counsel to Plaintiffs Dana Grottano, A.R., and N.D. in the above referenced class action against. Two proposed class representatives – A.R. and N.D. – wish to proceed anonymously. Therefore, pursuant to Your Honor's individual rules of practice, we respectfully request a pre-motion conference to seek leave to file a motion to proceed anonymously. Plaintiffs also respectfully request that the Court stay this application until Defendants have had an opportunity to appear in the case.

      The City of New York is illegally strip searching visitors to City jails and Plaintiffs A.R. and N.D.'s experiences are representative. A.R. was illegally strip searched when she visited Rikers Island in October, 2015. N.D. was illegally strip searched when she visited Rikers Island in October, 2014, and when she visited the Brooklyn House of Detention in July, 2015, and November, 2015. As such, A.R. and N.D. bring this civil rights class action to redress the City's violations of the Fourth and Fourteenth Amendment to the United States Constitution, and the New York State Constitution.

      Neither A.R. nor N.D. wishes to reveal her identity because of the highly sensitive and personal nature of their experiences. N.D. and A.R. are also worried that revealing their identity may expose them and the individuals they visited to retaliation by prison officials. They are also concerned that revealing their identity may have negative employment consequences.

      In *Sealed Plaintiff v. Sealed Defendant #1*, the Second Circuit set forth a non-exhaustive list of factors to consider in assessing a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d 185, 190 (2d Cir. 2008) (citations and internal quotation marks omitted).

A.R. and N.D.'s circumstances satisfy these requirements. There is no question but that this litigation involves matters that are highly sensitive and of a personal nature and identification poses a risk of retaliation. Moreover, since the prison environment is highly coercive by nature – even for visitors – A.R. and N.D. are particularly vulnerable to retaliatory conduct by prison personnel, as are the inmates that are associated with them. Other factors weighing in A.R. and N.D.'s favor include that they bring this action against a government entity; their identities have thus far remained confidential; and, other than filing documents under seal, there are no alternative mechanisms for protecting A.R. and N.D.'s confidentiality. Defendants will not suffer undue prejudice if A.R. and N.D. proceed anonymously, and the public interest in the litigation will not be furthered if they are required to disclose their identity.

We look forward to discussing these issues with the Court in more detail.

Respectfully submitted,

*R. Audain*
Raymond Audain

2