GISKAN SOLOTAROFF ANDERSON & STEWART LLP

Attorneys at Law

February 1, 2016

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      *Dana Grottano, et al. v. City of New York, et al.*, 15 Civ. 9242 (RMB)(KNF)

Dear Judge Berman:

      We are co-counsel to Plaintiffs Dana Grottano, A.R., and N.D. in the above referenced putative class action. We write to address Defendants' January 26, 2016, letter. Plaintiffs adequately allege that there exists a practice of illegally searching visitors that is so persistent and widespread that it constitutes a municipal custom.

      Plaintiffs allege that correction officers illegally strip and/or body cavity searched them on five separate occasions. Plaintiffs intend to introduce another, fourth class representative who was illegally strip and/or body cavity searched while visiting a DOC facility in December, 2015. There are also several recent media reports about visitor strip searches,[1] which indicate that four other women filed notices of claim against the City because they were illegally strip and/or body cavity searched while visiting a DOC facility.[2] Before this case, Plaintiffs did not know one

---

[1] http://www.nbcnewyork.com/investigations/Strip-Search-Rikers-Island-New-York-Investigation-Police-Women-Correction-Officer-Wallace-362438221.html (accessed on Feb. 1, 2016); http://www.nbcnewyork.com/investigations/NYC-Wife-Says-She-Was-Strip-Searched-Visiting-Rikers-Prison-352413251.html (accessed on Feb.1, 2016); http://nypost.com/2015/11/19/rikers-guards-stripped-me-naked-and-grabbed-my-giant-fake-breasts/ (accessed on Feb. 1, 2016). See Fed. R. Evid. 201(b)(2).

[2] The Comptroller's Office denied Plaintiffs' FOIL request for these notices of claim on the basis that their disclosure is barred under N.Y.S. Civil Rights Law § 50-b(1), which prohibits

another; they are three resolute individuals who just happened to find their way to the undersigned and decided to undertake the demanding process of vindicating their rights. Plaintiffs constitute a small and commendable minority that has resolved to represent individuals who were illegally strip searched while visiting a DOC facility—individuals who may not realize that their rights were violated or be able to suffer the stresses of suing the City.

The First Amended Complaint satisfies Fed. R. Civ. P. 8(a) because it sets forth "enough factual matter (taken as true) to suggest" a cognizable cause of action.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (Twombly "require[s] enough facts to nudge [plaintiffs'] claims across the line from conceivable to plausible."); Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (Twombly requires flexible plausibility standard, which "obliges a pleader to amplify a claim with some factual allegations").

Plaintiffs identify five instances of unconstitutional misconduct by different correction officers at different DOC facilities over a 13 month period.[3]  This suffices for pleading purposes. See Gem Fin. Serv. v. City of N.Y., 2014 U.S. Dist. LEXIS 34770, at *58-60 (E.D.N.Y. March 17, 2014) (Monell claim adequately pleaded based on seven incidents); Michael v. Cnty. of Nassau, 2010 U.S. Dist. LEXIS 82764, at *13-14 (E.D.N.Y. Aug. 11, 2010) (Monell claim adequately pleaded based on multiple incidents over a long, continuous period); Hill v. City of N.Y., 2006 U.S. Dist. LEXIS 56454, at *13 (S.D.N.Y. Aug. 14, 2006) (Berman, J.).  Plaintiffs

---

the disclosure of the identity of any victim of a sex offense for public inspection.  See also Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of court documents as public records); Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) ("The court may . . . consider matters of which judicial notice may be taken, even if the corresponding documents are not attached or incorporated by reference in the complaint.").

[3]  Plaintiffs' fourth class representative will make it six instances of unconstitutional misconduct over 14 months.

also allege that Defendant Capers explained to Plaintiff Grottano that her strip search was pursuant to "proper procedure." (Compl. ¶¶ 3, 48.) In Battle v. City of N.Y., Your Honor denied the City's Fed. R. Civ. P. 12(b)(6) motion to dismiss under similar circumstances. 2012 U.S. Dist. LEXIS 5256 (S.D.N.Y. Jan. 12, 2012) (Berman, J.). In Battle, two plaintiffs alleged that the NYPD frisked and searched livery car passengers without their consent and without independent suspicion of wrongdoing. Id., at *2. Your Honor found that plaintiffs adequately alleged the existence of an official policy or its equivalent, in part because NYPD officers stated that the searches were routine. Id. It is also notable that Defendant Mayweather blithely looked on as Plaintiff A.R. was strip searched. (Compl. ¶ 81.) See Michael, 2010 U.S. Dist. LEXIS 82764, at *13-14 (Lack of discretion "suggests that the officers involved did not fear supervisory personnel observing their conduct, intervening to stop them, or subjecting them to disciplinary action for their misdeeds.") (citing Bangura v. Cnty of Nassau, 2009 U.S. Dist. LEXIS 808, at *11 (E.D.N.Y. Jan. 7, 2009) (inattention to or knowing acquiescence in misconduct by law enforcement personnel helps to satisfy Monell)).

    Defendants also argue that Plaintiffs lack standing to seek injunctive relief. But the individuals that Plaintiff Grottano and Plaintiff N.D. were visiting when they were strip searched are still incarcerated at DOC facilities. (Compl. ¶¶ 13, 14.) Therefore, Plaintiff Grottano and Plaintiff N.D. have standing to seek injunctive relief because their risk of future injury is real and immediate whenever they visit those individuals. See Battle, 2012 U.S. Dist. LEXIS 5256, at *12-13; see also Roe v. City of N.Y., 151 F. Supp. 2d 495, 506 (S.D.N.Y. 2001) (plaintiffs had standing to seek injunctive relief when they alleged a NYPD practice of unlawful arrests and had been previously arrested pursuant to that practice); cf. Bray v. City of N.Y., 346 F. Supp. 2d 480, 487 (S.D.N.Y. 2004) (granting preliminary injunction against NYPD practice of unlawfully

confiscating bicycles because "[w]here a defendant has previously engaged in a pattern of similar acts, there is a sufficient likelihood that it will do so again in the near future").

Defendants' reliance on Giaccio v. City of N.Y. is misplaced. 308 Fed. Appx. 470 (2d Cir. Jan. 23, 2009) (summary order). Giaccio was decided on the evidence after the benefit of discovery, not on the pleadings at the motion to dismiss stage. Id. at 471; compare with Ferrari v. Cnty. of Suffolk, 790 F. Supp. 2d 34, 46 (E.D.N.Y. 2011) ("Three instances (including [p]laintiff's own claim) might not suffice to overcome summary judgment[,] [b]ut at this stage, they do permit a plausible inference of a widespread practice or informal custom within Suffolk County."). Defendants' reliance on Iacovangelo v. Corr. Med. Care, Inc., 2015 U.S. App. LEXIS 16296 (2d Cir. Sept. 14, 2015) (summary order), and Awad v. City of N.Y., 2014 U.S. Dist. LEXIS 63234 (E.D.N.Y. May 7, 2014), is also misplaced. Iacovangelo, unlike this case, involved a single plaintiff who provided only one additional example of a similar incident. Id., at *6-7. Awad—an employment discrimination case—also involved a single plaintiff, whose allegations were insufficiently detailed to evince a pattern. Id., at *36-38. Here, by contrast, Plaintiffs detail a series of constitutional violations in jails around the City. Plaintiffs' allegations are neither conclusory nor anecdotal. They reflect the facts available at the pleading stage before Plaintiffs have had an opportunity to conduct discovery into the broader context of their unconstitutional searches. See Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 130 n.10 (2d Cir. 2004) ("It is unlikely that a plaintiff would have information about . . . the cause of the misconduct at the pleading stage."); Bangura, 2009 U.S. Dist. LEXIS 808, at *16 (Plaintiff's allegations, "while hardly plentiful, are sufficient . . . to survive the instant motion to dismiss, and indeed, may be all that is possible at the pleading stage."). [4]

---

[4] Defendants cite to several other distinguishable cases. Mastafa v. Chevron Corp. was not a § 1983 case alleging municipal liability, but a case brought by Iraqis alleging torture by the

4

Since Plaintiffs' state cognizable claims on their behalf and on the behalf of the proposed class, there is no basis to dismiss Plaintiffs' class claims, especially this early in the case. Moreover, motions to strike class allegations are highly disfavored, as they require "a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." Chenensky v. N.Y. Life Ins. Co., 2011 U.S. Dist. LEXIS 48199, at *4 (S.D.N.Y. Apr. 27, 2011). Courts generally defer the determination of the propriety of class allegations to the class certification stage, when the court will have the benefit of a factual record. See Cohen v. Gerson Lehrman Grp., Inc., 686 F. Supp. 2d 317, 324 (S.D.N.Y 2010); see also Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012) (citing cases).

For all of these reasons, the Court should deny Defendants' request to file a motion to dismiss. Should the Court allow Defendants to move, Plaintiffs respectfully request permission to cross-move for leave to amend their pleading pursuant to Fed. R. Civ. P. 15 in order to add a fourth class representative and address any putative pleading deficiencies.

Respectfully submitted,

*/s/ Raymond Audain*
Raymond Audain

Cc: All counsel of record (via ECF)

---

Saddam Hussein regime, pursuant to the Alien Tort Statute of 1789 and the Torture Victim Protection Act of 1991. 770 F.3d 170, 174 (2d Cir. 2014). Dwares v. City of N.Y. involved a single Plaintiff alleging a single instance of police *inaction*. 985 F.2d 94, 100-01 (2d Cir. 1993). Walker v. City of N.Y. also involved a single plaintiff, who made generalized allegations about the experiences of "innocent citizens" and allegations that had "nothing to do with the particular claims that [p]laintiff alleges against [d]efendants." 2015 U.S. Dist. LEXIS 91410, at *17, *19 (S.D.N.Y. July 14, 2015).