

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 356-2641
Fax: (212) 788-9776
alarkin@law.nyc.gov

March 4, 2016

**BY ECF**
Hon. Richard M. Berman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

   Re: <u>Dana Grottano, et al. v. City of New York, et al.</u>, 15-CV-9242 (RMB)

Your Honor:

  We write in order to seek an extension of the class discovery deadline as more fully set forth below.  <u>Plaintiffs' counsel consents to this request in part, and objects in part</u>.[1]  One principal reason for this request is that the attorney responsible for this matter, Michael K. Gertzer, went out on medical leave commencing Feb. 10, 2016, and although he was expected to have returned to work by now, because of complications he will not be returning until late March.  In addition, after the conference when the class discovery schedule was set, plaintiffs' counsel served new discovery demands (e.g., deposition notices) which necessitate an adjustment to the schedule.  Finally, and equally important, plaintiffs have requested voluminous documents from the City that we are attempting to gather, review and produce – while shorthanded, without Mr. Gertzer – and we submit that an extension is necessary to enable the City to provide a complete response to plaintiffs' multiple document requests.

  We respectfully request that the following deadlines be extended and/or adopted:

---

[1] As of yesterday, plaintiffs' counsel had consented *in writing* to all matters indicated in this letter.  Earlier today, however, counsel E-mailed the undersigned and stated that the "deal is off" for reasons that are unclear.  Accordingly, we represent in this letter plaintiffs' position as expressed in the written exchanges that occurred yesterday.  We will provide copies to Your Honor if necessary.

- <u>March 31, 2016</u> – date for production of documents responsive to plaintiffs' class discovery demands. At the conference on Feb. 17, 2016, the Court had set a deadline for production of March 16, 2016, so the proposed extension of this deadline is approximately two weeks. Plaintiffs consent to this extension.

- <u>March 18, 2016</u> – date for service of the City's responses and objections to plaintiffs' three separate document requests. Plaintiffs do not consent to this request. We explain below the reasons for this request and the parties' disagreement about an appropriate deadline.

On February 16, we received plaintiffs' Rule 34 document request to the City, which had been sent via FedEx, and we calculated the due date for the City's responses and objections as March 18, 2016. Plaintiffs agree that the due date for responses and objections is March 18, 2016. However, on or about January 22, 2016, prior to serving their Rule 34 document request, plaintiffs' counsel also served subpoenas directly upon two City agencies, the Board of Correction ("BOC") and the Department of Investigation ("DOI").[2] Counsel knows or should know that the Corporation Counsel represents the City and its agencies, yet they apparently disregarded the requirement that document requests addressed to parties be delivered to counsel, not directly to the party. *See* Fed. R. Civ. P. 5(b)(1) (service of discovery demands "must be made on the attorney unless the court orders service on the party").

Notwithstanding plaintiffs' counsel's failure to comply with the Rules, when we learned that they had served subpoenas on the two City agencies, we advised that we would treat the subpoenas as Rule 34 document requests. We have also suggested that we serve written responses and objections to the subpoenas on the same date that we serve responses and objections to their later-served Rule 34 document request. Plaintiffs object to this proposal although they offer no reason for their position, and although the date for the documents to be produced pursuant to the subpoenas is two weeks *after* the proposed date for the responses, viz., March 31, 2016 (except that we have agreed to produce responsive documents in the possession, custody and control of BOC within one to two weeks, or by March 18, 2016).

We submit that, in these circumstances, plaintiffs' position lacks any reasonable basis, and that the City's time to serve responses and objections to the two improper subpoenas, which we have agreed to treat as Rule 34 document requests, should be extended to March 18, 2016.

Finally, plaintiffs have served upon the City four deposition notices, and the parties will address these deposition notices after the document production is complete, as follows. The City will produce for deposition the two individually named defendant officers sometime during the first two weeks in April. In addition, following the document production, the parties will discuss

---

[2] The undersigned saw a copy of the subpoena to DOI shortly after it was served, but did not see the BOC subpoena until Feb. 17, 2016, when BOC finally received the subpoena and forwarded a copy to us. Thereafter, during discussions with plaintiffs' counsel, they claimed to have served the BOC subpoena via FedEx on or about Jan. 21, 2016, and indicated that the package was delivered the next day. BOC's General Counsel did not receive the subpoena until much later, however.

the plaintiffs' Rule 30(b)(6) notice of deposition addressed to the City, in order to determine the appropriate scope of deposition testimony in light of the documents produced, which may address in full one or more of the topics set forth in the notice. The fourth notice is directed to the former General Counsel of BOC, and the parties will have to discuss the appropriate scope of that deposition prior to the time it takes place, if at all.

    At this time, we respectfully request that Your Honor "so order" the foregoing schedule.

                                          Respectfully submitted,

                                          /s/
                                      Arthur G. Larkin (AL 9059)
                                      Assistant Corporation Counsel

AGL/m
cc:     All counsel (by ECF)