# GISKAN SOLOTAROFF & ANDERSON LLP
## Attorneys at Law

March 4, 2016

**<u>VIA ECF</u>**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Re:      A.R., et al. v. City of New York, et al., 15 Civ. 9242 (RMB)(KNF)</u>

Dear Judge Berman:

We are co-counsel to Plaintiffs in the above referenced putative class action. We write to address Defendants' March 4, 2016, letter and set the record straight. We regret having to burden the Court with this matter, especially since Your Honor referred this case to Judge Fox for discovery.

At the February 17, 2016, premotion conference, the Court set an expedited class discovery schedule. Although Defendants represent in their letter that the March 16, 2016, deadline is the "deadline for production," March 16, 2016, is the class discovery deadline. (Feb. 17, 2016, ECF Minute Entry.) Plaintiffs served document subpoenas on the Board of Correction ("BOC") and the Department of Investigation ("DOI") on January 21, 2016, by overnight delivery. Plaintiff also served notice of those subpoenas on Defendants by First Class Mail on January 19, 2016. On January 25, 2016, Defendants informed Plaintiffs that they would treat our subpoenas as Fed. R. Civ. P. 34 document requests and would respond within the time limits set by the Federal Rules of Civil Procedure, to wit, 30 days plus additional days for mailing.[1] Defendants' responses to those requests are now well overdue and Defendants did not timely seek an extension to respond to those requests.

On Monday, Defendants informed Plaintiffs that one of the attorneys responsible for this matter went out on medical leave,[2] and requested until March 30, 2016,[3] to produce all

---

[1]      Plaintiffs did not challenge the City's assertion that it represents the BOC and DOI in this case. <u>But see</u> <u>Lamberti v. Met. Transp. Auth.</u>, 565 N.Y.S. 2d 111 (1st Dep't 1991) (listing exceptions to rule that Corporation Counsel has exclusive authority to conduct all law business of the City).

[2]      Although Mr. Gertzer went out on medical leave seven days before the premotion conference, Mr. Larkin did not bring that to the Court's attention when it set the expedited class discovery schedule.

[3]      Defendants are now talking about March 31, 2016.

documents, including documents from the BOC and DOI.  In light of the unforeseen medical circumstances, Plaintiff understood that an extension was appropriate, and proposed that the City proceed with a Fed. R. Civ. P. 30(b)(6) deposition on March 10, 2016, and produce the limited documents that would be relevant to that deposition in advance of the deposition.  Since the City had the BOC and DOI requests since January, Plaintiff proposed that they produce those documents not related to the 30(b)(6) deposition by March 15, and produce the balance of the documents by March 30, with the expectation that the remaining depositions would take place the first two weeks of April.  The City rejected Plaintiffs' proposal and made it clear that theirs was a take-it-or-leave-it-proposition.  Plaintiff refused to be strong armed into effectively imposing a stay on discovery until March 30.

On Wednesday, March 2, 2016, the Parties were finally able to reach agreement.  The City agreed to produce BOC documents "within 1-2 weeks," or by March 16, 2016.  Plaintiffs agreed to consent to the City's application to the Court for an extension of discovery.

However, instead of making a fair and reasonable application to the Court, on Friday, March 4, 2016, the City chose to engage in gamesmanship.  For the first time, the City claimed to Plaintiff that it did not receive the BOC requests until February 17, 2016, therefore, instead of producing BOC documents by March 16, as agreed, the City proposed that they would serve their *written responses* (not documents) by March 18, 2016.  The FedEx tracking information indicates that FedEx delivered the requests to the BOC on January 22, 2016,[4] and notice of those requests was mailed to Mr. Larkin and Mr. Gertzer on January 19, 2016.  The City's representation that it did not receive the requests until February 17, 2016, is incredible.  The City's repudiation of the agreement that the Parties reached on March 2, 2016, also demonstrated that the City's word could not be trusted.  Plaintiffs decided that they would rely instead on the provisions of the Federal Rules of Civil Procedure, and informed the City that the "deal is off."

Plaintiffs are prepared to proceed with discovery pursuant to the expedited schedule set by the Court on February 17, 2016.  Plaintiffs are also prepared to afford the City a reasonable extension of time to discharge its discovery obligations, given the unforeseen medical circumstances.  However, Plaintiffs are not prepared to suffer the City's gamesmanship.

---

[4]     When Plaintiffs brought that to the City's attention, they could only respond, "That's not the information that I have."

Contrary to Defendants' representation to the Court,[5] Plaintiffs do not consent to a March 31, 2016, date to produce *all* documents.  Defendants have had the BOC and DOI requests since January.  On Wednesday, the City represented that it expects to have BOC documents to produce by March 16, 2016.  Defendants do not explain why they now need until March 31, 2016, to produce those documents.  Plaintiffs respectfully request that the Court order Defendants to produce class BOC and DOI documents by March 16, 2016.

Respectfully Submitted,


*/s/Raymond Audain*
Raymond Audain

Cc:     All counsel of record (via ECF)

---

[5]     Defendants represent to the Court that Plaintiffs consent to their request for an extension to produce all documents on March 31, 2016, but Plaintiffs informed Defendants that we did not consent to their request before Defendants filed their letter.  Plaintiffs informed Defendants that any representation to the Court otherwise would be a material misrepresentation.  Defendants simply ignored Plaintiffs' position.