

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 356-2641
Fax: (212) 788-9776
alarkin@law.nyc.gov

March 7, 2016

**BY ECF**
Hon. Richard M. Berman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re: <u>Dana Grottano, et al. v. City of New York, et al.</u>, 15-CV-9242 (RMB)

Your Honor:

We write in response to plaintiffs' letter of March 4, 2016. For the reasons discussed below, plaintiffs' suggestion that the City has been less than forthright is unsupported, and further reflects the inappropriate tone and content of plaintiffs' communications with this office. (Copies of these communications are attached, *see* discussion below.) Furthermore, plaintiffs' position on the few matters that remain disputed should be rejected, and the Court should adopt the City's proposed schedule at this time.

First, plaintiffs' counsel appears to misunderstand our position with regard to the BOC documents. We have *agreed* to produce responsive documents within one to two weeks, as we informed plaintiffs and stated in our letter. We made the representation on or about March 2, 2016, and we submit that a reasonable view of our proposal would result in a deadline of March 18, 2016 (as stated in our letter), not March 16, 2016.[1]

Second, plaintiffs seek to impose new deadlines for the production of other documents which are not contemplated by the Rules. Their position is predicated on their serving a burdensome, overbroad Rule 30(b)(6) deposition notice, by email, on Feb. 25, 2016 (copy

---

[1] Plaintiffs appear to believe that the City should produce BOC documents by March 16, 2016, not March 18, 2016 (Dkt. 43, at page 2). We respectfully submit that the two-day difference is inconsequential and that the City should be permitted the additional two days under the circumstances.

attached as <u>Exhibit A</u>), more than one week *after* the Feb. 17, 2016, conference, when the Court initially set the class discovery schedule.  The topics in the deposition notice substantially overlap with plaintiffs' document requests, and it appears that production of responsive documents may narrow the scope of the deposition.

Plaintiffs, however, cannot have it both ways:  They cannot serve a Rule 34 document request first; then *after* the discovery schedule is set, serve an overbroad Rule 30(b)(6) deposition notice arbitrarily setting a deposition date *earlier* than the date for production of the responsive documents; and at the same time, demand responsive documents *before* the deposition takes place.  Because the schedule adopted at the Feb. 17, 2016, conference, did not contemplate any Rule 30(b)(6) witness, we submit that plaintiffs' position is baseless and should be rejected, and that the City's proposed schedule is reasonable and consistent with the Rules, and should be adopted.

The parties' dispute boils down to the City's request for a two-week extension to produce documents responsive to plaintiffs' first document request, which was delivered to the City on Feb. 16, 2016 (copy attached as <u>Exhibit B</u>).  The City is entitled to thirty (30) days to respond and object as provided in Rule 34(b)(2), which means that under the Rules, the date by which the City must serve written responses and objections is March 16, 2016.[2]  Ignoring the Rules, however, plaintiffs now propose that the City be required to produce all of the documents "relevant" to their Rule 30(b)(6) deposition notice "in advance" of the noticed date for that deposition, March 10, 2016, approximately one full week *before* the responses and objections are due.

But the deposition notice is extremely broad, and many of the topics in the notice substantially overlap with plaintiffs' document requests and are likely to be addressed by responsive documents (*compare, e.g.*, Rule 30(b)(6) notice, Topic 4 ("Defendants' system of keeping track of those visitors who were refused admission to [a DOC jail] to visit an inmate") with Document Request #16 ("All documents referring, relating to or describing Defendants' system of keeping track of those visitors who were refused admission to [a DOC jail] … because they refused to be strip searched"))  For this reason, we suggested last week and plaintiffs agreed that after responsive documents were produced, the parties would discuss the reasonable scope of the Rule 30(b)(6) deposition.

During the parties' email communications last week, plaintiffs' counsel struck an inappropriate tone from the outset.  When the undersigned suggested that more time would be needed, and asked counsel to explain why they believed their proposed schedule was feasible in light of Mr. Gertzer's absence and the volume of documents they demanded, counsel replied:

---

[2]   During the parties' email communications last week, plaintiffs agreed that the City's date to respond and object would be March 18, 2016, two days later (*see* <u>Exhibit D</u>, and discussion below).

The federal rules and the local rules require you to meet-and-confer about discovery issues, not meet-and-try-to-shove-your-position-down-our-throats.  We're still willing to discuss and work on a feasible schedule with you, notwithstanding your juvenile sarcasm.  Otherwise, make your application and we'll respond accordingly.

(E-mail from Audain to Larkin, 3/2 @10:37 a.m., copy attached as Exhibit C)

Despite counsel's inappropriate tone, we suggested that the parties talk later that day at 3:00 p.m., if counsel were available.  They did not respond.  We then pointed out by email that their proposal was inconsistent with the deadlines set by the Rules.  Apparently recognizing this fact, counsel replied that (i) "we agree that you have until March 18 to respond to our first document requests and are willing to wait until March 30 to receive the documents"; (ii) the City's proposal to produce BOC documents "within 1-2 weeks" and DOI documents, if any, by March 30 was "fine with" them; and (iii) the City's proposal to confer about the Rule 30(b)(6) deposition after the document production was also "fine with" them (*see* Exhibit D).[3]

Accordingly, as stated in our letter of March 4, the only outstanding disputed matter is the City's request for an extension to serve responses and objections to the BOC and DOI subpoenas – both of which are procedurally improper, but which we have agreed to address in the interests of moving forward.  Because the attorney assigned to this matter, Michael Gertzer, is out on medical leave for at least another two weeks, and because plaintiffs have demanded a substantial number of documents, we submit that the City's request for an extension as set forth in our March 4, 2016, letter is reasonable and should be granted.

Respectfully submitted,

/s/
Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
Attachments
cc:      All counsel (by ECF)

---

[3]   Plaintiffs also requested to see a copy of our letter application before it was filed, so they could "comment" on it (*see* Exhibit D).  Our practice, however, is to share with our adversaries drafts of letters with the Court only if the parties make a joint request, not if one side makes a request to which the other side consents.  We follow the same practice when our adversaries seek extensions to which we consent; in those circumstances we do not ask to see drafts.  Counsel appeared to disagree, and followed with another unprofessional email, which we will not burden the Court with.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

DANA GROTTANO, et . al.,                                    Docket No.: 15 Civ. 9242 (RMB) (KNF)

                                    Plaintiffs,             NOTICE OF DEPOSITION OF
                                                            DEFENDANT
          -against-                                         THE CITY OF NEW YORK


THE CITY OF NEW YORK, et al.,


                                    Defendants.
---------------------------------------------------------X

To:    Arthur Larkin, Esq.
       Michael Gertzer, Esq.
       Office of the NYC Corp. Counsel
       100 Church Street
       New York, NY 10007


       PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, the Plaintiffs in the within action will take the deposition of Defendant The City of

New York, at 10:00 AM on March 10, 2016 at the offices of Beranbaum Menken LLP, 80 Pine

Street, 33rd Floor, New York, New York.

       Pursuant to FRCP 30(b)(6), Plaintiffs request that a witness or witnesses be produced

who is (or are) knowledgeable regarding the following matters:

1.     The number of visitors to the New York City Department of Corrections from

       November 23, 2012 to the present, who visited an inmate and were strip searched

       by Defendants, their employees, agents or representatives.  "Strip searched"

means a corrections officer, or other person of authority, directing a visitor to a New York City Department of Corrections facility to remove an article of their clothing for a visual inspection of their breast, genital or buttocks area and/or touching a visitor in her breast, genital or buttocks area;

2.   Defendants' policy, practice and/or procedure, for the years 2012- 2016,  indicating when and when it does not strip search visitors to the New York City Department of Corrections who are visiting an inmate;

3.   Defendants' system of keeping track of those visitors who were strip searched at any New York City Department of Corrections jail facility from November 23, 2012 to the present:

4.   Defendants' system of keeping track of those visitors who were refused admission to a New York City Department of Corrections jail facility to visit an inmate;

5.   Defendants' system of keeping track of those visitors who complained about being strip searched at any New York City Department of Corrections jail facility from November 23, 2012 to the present;

6.   Defendants' system of keeping track of visitors to New York City Department of Corrections jail facility from November 23, 2012 to the present;

7.   Any review, analysis, study, investigation, or any other research conducted by or paid for by the Defendants concerning the way in which visitors to the New York City Department of Corrections jail facilities are searched;

8.   Identity and location of  records possessed by Defendants that document (electronically or in writing) the instances when Defendants or their agents, employees or representatives

strip searched a visitor to the New York City Department of Corrections jail facilities

who came to see an inmate.

Dated:   New York, New York
          February 25, 2016

                                              BERANBAUM MENKEN LLP


                                              Bruce E. Menken
                                              Scott Simpson
                                              80 Pine Street, 33rd Floor
                                              New York, New York 10005
                                              Phone:   (212) 509-1616
                                              Fax:     (212) 509-8088


                                              GISKAN SOLOTAROFF &
                                              ANDERSON LLP


                                              _____

                                              Raymond Audain
                                              11 Broadway, Suite 2150
                                              New York, NY 10004
                                              Phone: 212-847-8315
                                              ATTORNEYS FOR PLAINTIFFS
                                              AND PROPOSED CLASS

cc:      All Counsel

3

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DANA GROTTANO, et. al.,     :

      Plaintiffs,   :

          :  15 Civ. 9242 (RMB)(KNF)

 -against-      :

          :  **PLAINTIFFS' FIRST REQUEST**
THE CITY OF NEW YORK, et. al.,  :  **FOR THE PRODUCTION OF**
          :  **DOCUMENTS**
      Defendants.  :

TO: Arthur Larkin, Esq.
   Michael Gertzer, Esq.
   Office of the NYC Corporation Counsel
   100 Church Street
   New York, NY 10007

   PLEASE TAKE NOTICE, that pursuant to Rule 34 of the Federal Rules of Civil

Procedure, the Plaintiffs demand that the Defendants herein produce and permit for discovery by

Plaintiffs, the following records, documents and things:

<u>DEFINITIONS</u>

   1. "Defendants" refers to all or any of Defendants' agents, employees, attorneys,

predecessors, successors, affiliates or subsidiaries.

   2. "Document" means notes, reports, memoranda, letters, correspondence, recordings or

any writing of any kind whatsoever, e-mail messages and correspondence, drawings, graphs,

charts, photographs, tape recordings, video tape recordings, diaries, appointment books,

calendars, telephone records, telephone messages, computer records and any other data from

which information can be obtained including originals, non-identical copies and drafts thereof.

   3. "Refer" or "relate to" or "relating to" or "reflect" or "reflecting" mean, in whole or

part, constitutes, embodies, comprises, concerns, reflects, identifies, states, refers to, deals with,

comments on, responds to, describes, analyzes, contains information concerning, or is in any way relevant to that subject matter.

4. "Strip Search" means a corrections officer, or other person of authority, directing a visitor to a New York City Department of Corrections facility to remove an article of their clothing for a visual inspection of their breast, genital or buttocks area.

5. "Visitor" means any person or individual who presents him or herself at a New York City Department of Corrections facility to see and spend time with an inmate in such facility.

INSTRUCTIONS

1. The responses to the discovery requests must include all information known to each Defendant, its agents and employees, including attorneys, and all persons acting on its behalf or under its control.

2. If, in answering this discovery request, Defendants claim any ambiguity in interpreting either a particular request or a definition or instruction, such claim shall not be utilized as a basis for refusing to respond. Instead, Defendants shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

3. This is a continuing request for information. If, after making your initial response, you obtain or become aware of any further information responsive to this request or if you become aware that a response is inaccurate, incomplete or misleading, you are required to amend your response pursuant to Federal Rule of Civil Procedure 26(e).

4. If you withhold any answer to the following discovery requests by reason of a claim of privilege or otherwise, provide a privilege log stating: (i) the type of privilege asserted; (ii) the names of every person or entity who has been privy to such information; (iii) the facts and

circumstances supporting the claim of privilege; (iv) the request to which the information relates, and (v) a general description of the subject matter of the withheld information.

5.   If any of the following written discovery requests cannot be answered in full, answer to the extent possible, specifying the reason for your inability to answer the unanswered portions. If your answers are qualified in any particular way, please set forth the terms and explanations of each such qualification.

6.   If any answer is given which states an objection to the discovery request on any ground, please state said grounds completely.  If the discovery request is only partly objectionable, answer the remainder of the request.

7.   In complying with these discovery requests, Defendants are required to produce any and all documents listed or described below which are in their possession, custody or control.

8.   All pages now stapled or fastened together are to be produced stapled or fastened together as they originally appeared.

9.   With respect to each document requested herein that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, provide the following information separately as to each such document: type of document; general description of the subject matter; author; recipient(s) or addressee(s); date; last custodian of the document or copies thereof; the full particulars or circumstances whereby the document was lost, destroyed, or otherwise disposed of.

10.   Unless otherwise specified, the information requested in each document request relates to the time period from, and including, November 23, 2012 to the present.

## DOCUMENT REQUESTS

1.    All incident reports, logbook entries, or any other writing referring or relating to strip searches of any and all visitors conducted in a New York City Department of Corrections (hereafter "DOC") facility.

2.    All documents referring or relating to the named Plaintiffs, Dana Grottano, N.D. and A.R.

3.    All documents referring or relating to Deanna Mason and Deneen Woodard.

4.    A copy of New York City Department of Correction Directive 2007R-A, the Directive that was revised and thereafter became known as New York City Department of Correction Directive 2007R-B.

5.    All documents Defendants will rely upon in proving any of their affirmative defenses.

6.    All documents, videos and all other materials used to train correction officers employed by the DOC regarding 1) how to search visitors, including the manner of conducting a search of a visitor, 2) the circumstances in which a strip search of a visitor is authorized, and 3) the manner of conducting a strip search of a visitor.

7.    All correspondence, notes, memoranda, or other records of communications between any Defendant, or any Defendants' employees, agents or representatives, and the New York State Commission on Corrections regarding the strip searching of visitors from November 23, 2012 to the present.

8.    All correspondence, notes, memoranda, or other records of communications between any Defendant, or any Defendants' employees, agents or representatives, and the New

York City Board of Correction regarding the strip searching of visitors from November 23, 2012 to the present.

9.    A copy of any document provided by Defendants or any of Defendants' employees, agents or representatives to visitors concerning the strip search of their person.

10.    The names and addresses of all visitors who were strip searched by Defendants, or any of its employees, agents or representatives, prior to their entrance into any DOC facility from November 23, 2012 to the present.

11.    The names and addresses of all visitors who were strip searched by Defendants, or any of its employees, agents or representatives, and found to have contraband on their person, prior to their entrance into a DOC facility from November 23, 2012 to the present.

12.    The names and addresses of all visitors who were strip searched by Defendants, or any of its employees, agents or representatives, and found to have contraband on their person, and then arrested, prior to their entrance into a DOC facility from November 23, 2012 to the present.

13.    All documents, including but not limited to training manuals, policies, procedures, directives and memoranda referring or relating to the search or strip search of visitors to DOC facilities from November 23, 2012 to the present.

14.    All documents relating to the policies and/or procedures, in effect in DOC facilities, relating to the strip searching of visitors, including but not limited to the circumstances in which a visitor may be strip searched, and the manner of such a strip search of said visitor.

15.    All documents referring, relating to or describing Defendants' system of keeping track of those visitors who were strip searched and/or pat frisked at any DOC facility from November 23, 2012 to the present.

16.     All documents referring, relating to or describing Defendants' system of keeping track of those visitors who were refused admission to a DOC facility from November 23, 2012 to the present because they refused to be strip searched.

17.     All documents referring, relating to or describing Defendants' system of keeping track of those visitors who complained about being strip searched or being searched inappropriately at any DOC facility from November 23, 2012 to the present.

18.     All documents referring, relating to or describing complaints made by visitors who alleged  they were strip searched or searched inappropriately at any DOC facility from November 23, 2012 to the present.

19.     All documents referring, relating to or describing any investigation conducted or any other actions taken as a result of any allegations, informal or formal, of visitor strip searches at any DOC facility from November 23, 2012 to the present, including but not limited to:

      a.     311 recordings and summaries;

      b.     Complaints to the Mayor's office, whether submitted electronically or by hard copy;

      c.     Complaints to the Board of Corrections, whether submitted electronically or by hard copy;

      d.     Complaints to the Department of Corrections, including directly to Defendant Ponte, whether submitted electronically or by hard copy

      e.     Documentation of any oral complaints made by visitors to any employee of DOC.

20.     All documents referring or relating to the Defendants' investigation or punishment of any of its employees, agents or representatives accused of violating visitor search rules and/or regulations.

21.     All documents sent to or received from any federal, state or local agency, union or arbitrator concerning visitor strip searches.

22.     All documents referring, relating to or describing any meetings, discussions, encounters and/or conversations concerning visitor strip searches.

23.     All documents referring, relating to or describing any and all reviews conducted by the New York City Department of Investigation, or any other governmental agency, concerning the way in which visitors to DOC facilities are searched for suspected contraband.

24.     Copies of all "Notice to Inmate/Visitor of Limitation/Denial of Visiting Privileges" (Form #143R, Attachment A) that Defendants completed from November 23, 2012 to the present.

25.     Copies of all "Notice to Inmate/Visitor of Limitation/Denial of Visiting Privileges" (Form #143R, Attachment A) that Defendants faxed to the Board of Correction and completed from November 23, 2012 to the present.

26.     Copies of all written appeals made by visitors who have been denied visiting privileges and who have appealed said denial to the New York City Board of Correction.

27.     A copy of New York City Department of Correction Directive #4525, entitled "Amnesty Boxes."

28.     A copy of the "visit search procedures and any other visit rules and regulations" that are "prominently posted in all visit search areas" as described in New York City Department of Corrections, Inmate Visit Procedures, Directive, Classification #2007R-B.

29.     Copies of all "Search Consent Reports" (Form #439, Attachment B) that have been filled out and contain the reason for a pat frisk since November 23, 2012.

30.     Copies of any documents, including but not limited to, incident reports or log book entries, generated or signed by any of the DOC's Deputy Wardens for Programs concerning the strip search or inappropriate search of a visitor.

31.     Copies of any documents, including but not limited to, incident reports or log book entries, generated or signed by any of the DOC's Deputy Wardens for Security, concerning the strip search or inappropriate search of a visitor.

32.     Copies of all minutes from New York City Board of Correction meetings which refer, relate to or discuss the search of visitors to DOC facilities.

33.     Copies of Officer Capers' and Officer Mayweather's respective disciplinary histories, and/or any documents pertaining to any disciplinary measures taken against them for any reason.

34.     All documents concerning Mayor Bill de Blasio's statement that "we know that the reality is that so many inmates acquire weapons and acquire drugs through visitors," as reflected in the March 12, 2015, document titled *Transcript: Mayor de Blasio, Commissioner Ponte Announce 14 Point Rikers Anti-Violence Agenda*. ("March 12, 2015, Transcript") (annexed hereto as Exhibit 1).

35.     All documents concerning Mayor de Blasio's statement that "we know that many criminal gangs used the visitation process to pass weapons and pass drugs to their fellow gang members here in these facilities," as reflected in the March 12, 2015, *Transcript*.

36.     All documents concerning Mayor de Blasio's statement that "to address this problem at the root, we need a much stronger, much stricter visitor policy," as reflected in the March 12, 2015, *Transcript*.

37.     All documents concerning Mayor de Blasio's efforts to "implement these necessary changes" by working with the City Board of Corrections and the State Commission on Correction, as reflected in the March 12, 2015, *Transcript*.

38.     All documents concerning Mayor de Blasio's statement that the City will "focus on securing the entrances to these facilities more effectively - that means contraband- sniffing dogs, body scanners, and enhanced, TSA-type search procedures" as reflected in the March 12, 2015, *Transcript*.

39.     All documents concerning Mayor de Blasio's statement that the City is "changing the visitation process," as reflected in the March 12, 2015, *Transcript*.

40.     All documents concerning Mayor de Blasio's statement that "[w]e're also going to add restrictions as to who can visit," as reflected in the March 12, 2015, *Transcript*.

41.     All documents concerning Mayor de Blasio's statement that "we need common sense measures to stop weapons and drugs from getting into this facility," as reflected in the March 12, 2015, *Transcript*.

42.     All documents concerning Mayor de Blasio's statement that "visitation dynamic" is "so deeply lacking in the kinds of restrictions and common sense limitations that we need," as reflected in the March 12, 2015, *Transcript*.

43.     All documents concerning Mayor de Blasio's "efforts to add some real limitations to the flow of weapons and drugs through the visitation process," as reflected in the March 12, 2015, *Transcript*.

9

44.     All documents concerning the elements of the "very vigorous plan" that Mayor de Blasio referenced in the March 12, 2015, *Transcript* that relate to visitor searches.

45.     All documents concerning the proposal that Mayor de Blasio presented to the Board of Corrections about screening visitors, as mentioned in the March 12, 2015, *Transcript*.

46.     All documents concerning discussions with "stakeholders" about screening visitors, as mentioned in the March 12, 2015, *Transcript*.

47.     Any and all data that Commissioner Ponte referred to in the March 12, 2015, *Transcript* that concerns visitors.

48.     All documents concerning (and relied upon by) New York City Board of Correction Member Robert L. Cohen, M.D.'s statement that "the data suggests that contraband is not coming in with families," as reflected in the minutes from the October 13, 2015, Board of Correction Meeting.  (The minutes are annexed hereto as Exhibit 2.)

Dated:       February 16, 2016
             New York, NY


                         Sincerely yours,

                         _____/s/_____
                         Bruce E. Menken, Esq.
                         Scott Simpson, Esq.
                         BERANBAUM MENKEN  LLP
                         80 Pine Street, 33rd Floor
                         New York, NY  10005
                         Telephone: (212) 509-1616

                         Raymond Audain, Esq.
                         GISKAN SOLOTAROFF & ANDERSON LLP
                         11 Broadway, Suite 2150
                         New York, NY  10004
                         Telephone: (646) 336-4904

# EXHIBIT C

**Larkin, Arthur (Law)**

| | |
|---|---|
| **From:** | Raymond Audain <raudain@gslawny.com> |
| **Sent:** | Wednesday, March 02, 2016 10:37 AM |
| **To:** | Larkin, Arthur (Law); Gertzer, Michael (Law) |
| **Cc:** | 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan |
| **Subject:** | RE: Grottano, Notices of Deposition |

The federal rules and the local rules require you to meet-and-confer about discovery issues, not meet-and-try-to-shove-your-position-down-our-throats.  We're still willing to discuss and work on a feasible schedule with you, notwithstanding your juvenile sarcasm.  Otherwise, make your application and we'll respond accordingly.

--
**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Wednesday, March 02, 2016 10:27 AM
**To:** Raymond Audain; Gertzer, Michael (Law)
**Cc:** 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

We aren't going to make a counterproposal just for the sake of bargaining, because our proposal is reasonable and is based on our office's extensive experience litigating class actions that seek or purport to seek institutional reform.  On what basis do you believe that your schedule is "feasible"?  For example, what specific prior experience do you have litigating with City agencies that leads you to that conclusion?  Please let us know.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Raymond Audain [mailto:raudain@gslawny.com]
**Sent:** Wednesday, March 02, 2016 10:13 AM
**To:** Larkin, Arthur (Law); Gertzer, Michael (Law)
**Cc:** 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

The schedule that we're proposing is feasible, even under these circumstances.  If you have a counter proposal, we're happy to consider it.  But your unwillingness to even discuss a compromise tells me that you were never serious about reaching agreement in the first place.

--

**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Wednesday, March 02, 2016 9:59 AM
**To:** Raymond Audain; Gertzer, Michael (Law)
**Cc:** 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

That schedule is unrealistic in the circumstances, particularly given the number of documents plaintiffs have demanded.  It is unfortunate that your side is unwilling to recognize this.  We will write to the court and note your objection.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Raymond Audain [mailto:raudain@gslawny.com]
**Sent:** Wednesday, March 02, 2016 9:56 AM
**To:** Larkin, Arthur (Law); Gertzer, Michael (Law)
**Cc:** 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

Arthur,

First, I'm sorry to hear about Mike.  I hope that it's nothing serious.

Judge Berman set an extremely short class discovery schedule, so clearly he wants us to move quickly.  We're fine with scheduling the 30(b)(1) depositions for the first two weeks of April, but we need to proceed with the 30(b)(6) on March 10.  We'll also need to receive all of the documents that are relevant to the 30(b)(6) deposition by the close of business on March 7 (including relevant documents from the BOC and DOI).  We also can't wait until March 30 to receive the balance of the DOI and BOC documents.  We're willing to extend your time to produce those documents to March 15.  We're willing to give the City until March 30 to produce the remaining documents.

Best,
Raymond

--
**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Wednesday, March 02, 2016 9:42 AM
**To:** Raymond Audain; Gertzer, Michael (Law)
**Cc:** 'Scott Simpson (ssimpson@nyemployeelaw.com)'; 'bmenken@nyemployeelaw.com'; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

Counsel -

What is your position on the request below?  Kindly advise, as we intend to write to the Court by next week, at the latest.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Larkin, Arthur (Law)
**Sent:** Monday, February 29, 2016 11:42 AM
**To:** 'Raymond Audain'; Gertzer, Michael (Law)
**Cc:** Scott Simpson (ssimpson@nyemployeelaw.com); bmenken@nyemployeelaw.com; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

As you know, Mike Gertzer is out on medical leave and his return date is uncertain at this point (although likely to be at the end of March).

I would suggest the following:  We will serve written responses and objections to the subpoenas/document requests by this Friday, with documents to be produced by March 30th.  Then, we can schedule the depositions for the first two weeks in April when Mike is likely to be back, or else we would be in a better position to assign another attorney to assist if necessary.

I realize that this approach requires an extension of the class discovery schedule, and we would write the letter to the Court requesting the extension if plaintiffs consent.

Would you let us know your position - thanks.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177

3

New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Raymond Audain [mailto:raudain@gslawny.com]
**Sent:** Monday, February 29, 2016 10:39 AM
**To:** Larkin, Arthur (Law); Gertzer, Michael (Law)
**Cc:** Scott Simpson (ssimpson@nyemployeelaw.com); bmenken@nyemployeelaw.com; Oren Giskan
**Subject:** RE: Grottano, Notices of Deposition

Arthur,

Do you have some proposed dates for Capers' and Mayweather's depositions?

Also, on Jan. 25, 2016, you informed us that the City would treat our subpoenas to the Dep't of Investigation and the Board of Corrections as Rule 34 document requests.  When can we expect to receive the City's responses?

Best,
Raymond

--

**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Raymond Audain
**Sent:** Wednesday, February 24, 2016 4:44 PM
**To:** Larkin, Arthur (Law) (alarkin@law.nyc.gov); Gertzer, Michael (Law) (mgertzer@law.nyc.gov)
**Cc:** Scott Simpson (ssimpson@nyemployeelaw.com); bmenken@nyemployeelaw.com; Oren Giskan
**Subject:** Grottano, Notices of Deposition

Arthur,

Please find attached deposition notices for Defendants Capers and Mayweather.

As you'll see, we did not designate a date and time.  I prefer to reach agreement on a mutually convenient date and time.  We need a date that follows the City's document production.  In light of our very short class discovery schedule, please advise us quickly about the officers' availability.  I look forward receiving proposed dates from you in the next couple of days.

These will also be served by hand.

Best,
Raymond

--

**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT D

**Larkin, Arthur (Law)**

| | |
|---|---|
| **From:** | Raymond Audain <raudain@gslawny.com> |
| **Sent:** | Wednesday, March 02, 2016 2:52 PM |
| **To:** | Larkin, Arthur (Law); 'Scott Simpson'; Gertzer, Michael (Law) |
| **Cc:** | Bruce Menken; Oren Giskan |
| **Subject:** | RE: Grottano: Interrogatories and Dep Notices |

That proposal is fine with us. We look forward to receiving the BOC documents within 1-2 weeks.

Please let us review and comment on a draft of the letter before you submit it to the Court.

Have you been able to identify Officer Graham for purposes of serving the Second Amended Complaint?

--
**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Wednesday, March 02, 2016 1:15 PM
**To:** Raymond Audain; 'Scott Simpson'; Gertzer, Michael (Law)
**Cc:** Bruce Menken; Oren Giskan
**Subject:** RE: Grottano: Interrogatories and Dep Notices

The Rule 30(b)(6) deposition was noticed after the Feb. 17th conference, i.e., after the class discovery schedule was set, and was not contemplated within that schedule. In any event, my suggestion is that after we produce the documents responsive to your non-objectionable demands, that we revisit the topics in the notice to see if your side still needs deposition testimony on all of them. I would reserve objections to the notice until that time.

I expect to have BOC documents to produce within 1-2 weeks. I would produce the DOI documents, if any, by March 30th as well.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

---

**From:** Raymond Audain [mailto:raudain@gslawny.com]
**Sent:** Wednesday, March 02, 2016 12:37 PM
**To:** Larkin, Arthur (Law); 'Scott Simpson'; Gertzer, Michael (Law)

**Cc:** Bruce Menken; Oren Giskan
**Subject:** RE: Grottano: Interrogatories and Dep Notices

The Rule 26(f) conference took place when Mike and I spoke back in early January.  In any event, we agree that you have until March 18 to respond to our first document requests and are willing to wait until March 30 to receive the documents.  We're also fine with delaying 30(b)(1) depositions until April.  But you don't address the subpoenas that we issued to the BOC and DOI which you converted to document requests back in January.  You also don't address the 30(b)(6) deposition.  How do you propose that we deal with those issues?

--

**Raymond Audain** | Associate
**Giskan Solotaroff & Anderson LLP**
11 Broadway, Suite 2150 | New York, New York 10004
(646) 336-4904 (direct) | (212) 847-8315 (general) | (646) 964-9610 (fax)

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Wednesday, March 02, 2016 12:00 PM
**To:** 'Scott Simpson'; Gertzer, Michael (Law)
**Cc:** Bruce Menken; Raymond Audain; Oren Giskan
**Subject:** RE: Grottano: Interrogatories and Dep Notices

We will respond to the Interrogatories within the time frame set by the Rules, e.g., thirty (30) days plus any additional time for mailing, etc.

Our responses and objections to plaintiffs' first document request is not due until thirty days after service, plus additional days for mailing, which I calculate as March 16, 2016.  If the pre-motion conference on Feb. 17, 2016, is deemed to be the "parties' first Rule 26(f) conference" in the matter, then we would have until March 18, 2016, see Fed. R. Civ. P. 34(b)(2).

Documents may be produced within a reasonable time thereafter, specified in the written response, see Fed. R. Civ. P. 34(b)(2).

In light of the foregoing, I suggest that you reconsider your position with regard to the schedule, particularly in light of Mike Gertzer's absence.

I remain available to speak with you at 3:00 today if your side believes it would be worthwhile to do so.  Please confirm one way or the other.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Scott Simpson [mailto:ssimpson@nyemployeelaw.com]
**Sent:** Wednesday, March 02, 2016 11:38 AM

**To:** Larkin, Arthur (Law); Gertzer, Michael (Law)
**Cc:** Bruce Menken; Raymond Audain; Oren Giskan
**Subject:** FW: Grottano: Interrogatories and Dep Notices

Arthur: The 30(b)(6) dep notice is in this email (which I previously sent on Thursday, along with a hard copy).

Scott

---

**From:** Scott Simpson
**Sent:** Thursday, February 25, 2016 5:06 PM
**To:** Larkin, Arthur (Law); 'Gertzer, Michael (Law)'
**Cc:** 'Raymond Audain'; Oren Giskan; Aliaksandra Ramanenka; Bruce Menken
**Subject:** Grottano: Interrogatories and Dep Notices

Arthur: Please find attached two additional deposition notices and Plaintiffs' First Set of Interrogatories.

Hard copies are in the mail.

Best,
Scott


Scott Simpson
Beranbaum Menken LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Phone: (212) 509-1616
Fax: (212) 509-8088