UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANA GROTTANO, N.D., and A.R.,
*individually and on behalf of all others similarly situated*,

                       Plaintiffs,

-against-

THE CITY OF NEW YORK; THE CITY OF
NEW YORK DEPARTMENT OF CORRECTION
COMMISSIONER JOSEPH PONTE;
CORRECTION OFFICER YOLANDA CAPERS;
CORRECTION OFFICER "JANE"
MAYWEATHER; and JOHN AND JANE DOE
CORRECTION OFFICERS 1-25,

                       Defendants
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/2016
```

15 Civ. 9242 (RMB) (KNF)

**DECISION & ORDER**

This Decision and Order grants the motion [#16] of proposed class representatives A.R. and N.D. ("Plaintiffs"), dated December 21, 2015, to proceed anonymously. (See Letter, dated Dec. 21, 2015, at 1.)

**Background**

On November 23, 2015, Plaintiff A.R. filed a complaint against the City of New York (the "City"), the City of New York Department of Corrections Commissioner Joseph Ponte ("Ponte"), and Correction Officers ("COs") Yolanda Capers, Jane Mayweather, and John and Jane Doe 1-25 (collectively, the "Defendants"). (See Complaint, dated Nov. 23, 2015 ("Compl."), at 1.) Plaintiff A.R. alleges that on October 2, 2015, she was "illegally strip and/or body cavity searched while visiting an inmate at Rikers Island." (Compl. at ¶ 3.)

1

On December 16, 2015, the Complaint was amended to include Plaintiffs Dana Grottano ("Grottano") and N.D. (See Amended Complaint, dated Dec. 17, 2015 ("Amend. Compl.") at 1.) Plaintiff Grottano claims that she also was "strip and/or body cavity searched by Defendant Capers on Rikers Island, right in front of her five year old daughter," and Plaintiff N.D. alleges that she was "strip searched by an unidentified CO at Rikers Island in October, 2014, while visiting an inmate." (See Amend. Compl. at ¶¶ 3-4.) Plaintiff N.D. further alleges that, "during a visit in July 2015 . . . an unidentified CO asked [her] to pull her jeans down under her waist, bend forward and pull out the band of her underwear, exposing her genitals." (Amend. Compl. at ¶ 59.) Similarly, Plaintiff A.R. alleges that "the CO ordered [her] to remove her shoes, remove her socks, pull her pants down to her thighs, exposing [her] underwear . . . [t]he CO then pulled the band of [her] underwear with her finger and looked down her underwear from the front to view her genitals . . . [and] then kneeled behind [her] and swept her hand from the front to the back of [her] crotch while pulling [her] underwear aside." (Id. at ¶ 76-78.)

On December 21, 2015, Plaintiffs filed a motion on behalf of A.R. and N.D. to proceed anonymously, citing the "highly sensitive and personal nature of their experiences" as well as concern that "revealing their identity may expose them and the individuals they visited to retaliation by prison officials." (See Letter, dated Dec. 21, 2015, at 1.) On January 8, 2016, Defendants submitted a letter opposing Plaintiffs' anonymity application, arguing, among other things, that Plaintiffs failed to show "evidence in support of their allegation that they are vulnerable to retaliation by the Department of Corrections, or anyone else." (See Letter, dated Jan. 8, 2016, at 2.)

**Legal Standard**

"The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a 'plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant.'" Michael v. Bloomberg L.P., 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015). The Second Circuit has identified the following non-exhaustive list of factors for district courts to consider in balancing those interests:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by the plaintiff to disclose his identity;
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008) (alteration in original) (citations and internal quotation marks omitted). "Related to the third factor is the concern whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties." Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

**Analysis**

Upon balancing the relevant factors, the Court finds that Plaintiffs A.R. and N.D. have established special circumstances to warrant their proceeding anonymously. See Doe v. City of New York, 2016 U.S. Dist. LEXIS 16344, at *1 (S.D.N.Y. Feb. 4, 2016).

For one thing, Plaintiffs' allegations involve matters that are highly sensitive and of a personal nature. See Doe, 2016 U.S. Dist. LEXIS 16344, at *5. "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." Doe No. 2, 242 F.R.D. at 196 (listing cases); see also Rivera v. Madan, 2013 WL 4860116, at *6 (S.D.N.Y. Sept. 12, 2013) ("A body cavity search is by its very nature a highly intrusive invasion' of privacy.").

For another, Plaintiffs' lawsuit challenges government action, and a challenge to government action ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual. See Doe, 2016 U.S. Dist. LEXIS 16344, at *8 (citing Doe No. 2, 242 F.R.D. at 196). "Plaintiff[s'] alleged sexual assault at the hands of Rikers corrections officers and guards . . . implicates a public interest [and] the currently unidentified Rikers corrections officers are not 'ordinary private parties,' but instead individuals who 'perform an important public service.'" See Doe, 2016 U.S. Dist. LEXIS 16344, at *9 (citing Doe No. 2, 242 F.R.D. at 195); see also Jane Doe 1 & Jane Doe 2 v. City of New York & Benny Santiago, 15-cv-3849 (S.D.N.Y. May 2015). In addition, "[t]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." Doe No. 2, 242 F.R.D. at 195.

Third, Defendants do not demonstrate any prejudice at this stage. See Doe, 2016 U.S. Dist. LEXIS 16344, at *10. While Defendants argue that a jury "may unfairly give Plaintiffs' claims

4

more weight than it would if Plaintiffs appear under their own names," (See Letter, dated Jan. 8, 2016, at 2), we are nowhere near the jury stage of these proceedings. "[D]efendants do not identify how their ability to conduct discovery or impeach plaintiffs' credibility has been impaired if [they] is permitted to proceed under a pseudonym." Doe No. 2, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff[s'] identity, defendants will not be hampered or inconvenienced merely by plaintiff[s'] anonymity in court papers.").

And, Defendants' argument that "Plaintiff Grottano apparently has no issue with proceeding under her own name," (Letter, dated Jan. 8, 2016, at 2), undermines their position. "[S]ince there are [] other plaintiffs in this Court alleging similar conduct who will be proceeding under their real names, defendants will have an unfettered opportunity to present their defenses and to challenge the credibility of these accusers." Doe No. 2, 242 F.R.D. at 198.[1]

I.  **Conclusion & Order**

For the foregoing reasons, Plaintiffs' motion to proceed anonymously [#16] is granted. Defendants may move to revisit the issue of Plaintiffs' anonymity before the case proceeds to trial. See Doe, 2016 U.S. Dist. LEXIS 16344, at *13; see also Doe No. 2, 242 F.R.D. at 198 ("[T]he restrictions contained in this order only apply to the discovery period and may be reconsidered if this case goes to trial.").

Dated: New York, New York
       March 30, 2016

_____
RICHARD M. BERMAN, U.S.D.J.

---

[1] In determining that Plaintiffs A.R. and N.D. have sufficiently demonstrated that anonymity is warranted at this stage of the proceedings, the Court need not consider the remaining non-exhaustive factors listed in Sealed Plaintiff. See, e.g., Doe, 2016 U.S. Dist. LEXIS 16344, at *12-13.