Case 1:15-cv-09242-RMB-KNF Document 60 Filed 04/07/16 Page 1 of 3
Case 1:15-cv-09242-RMB-KNF Document 58 Filed 04/04/16 Page 1 of 3



THE CITY OF NEW YORK

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 356-2641
Fax: (212) 788-9776
alarkin@law.nyc.gov

April 4, 2016

**BY ECF**
Hon. Richard M. Berman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
*p. 3*

Re:   Dana Grottano, et al. v. City of New York, et al., 15-CV-9242 (RMB)

Your Honor:

We write in order to seek a conference pursuant to Local Civil Rule 37.2, or in the alternative, to request that the Court enter a protective order in accordance with this letter. The parties have agreed on all terms of a proposed protective order with one exception: Plaintiffs wish to include a provision in *this* protective order that would provide for confidentiality for all documents that reveal identifying information for the three plaintiffs who were granted permission to proceed anonymously (Dkt. 51). We disagree with plaintiffs' position because the Court's order granting anonymity is self-executing and further inclusion of identifying information in this protective order is unnecessary. We also disagree because the City intends to revisit the issue of anonymity at a later date and cannot stipulate to include identifying information in this order. Finally, the existence of two separate orders – the protective order and this Court's decision (Dkt. 51) – governing the same area will likely cause confusion going forward. Protective orders are governed by Rule 26(c), whereas anonymity is governed by the Second Circuit's decision in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008), and the standards for confidentiality under each of these authorities differ. *Compare Sealed Plaintiff*, 537 F.3d at 90, *with* Fed. R. Civ. P. 26(c)(1).

Attached is the parties' agreed-upon order with the one provision in dispute, paragraph 2(i), highlighted, for Your Honor's review and consideration. We submit this application to Your Honor, rather than Magistrate Judge Fox, because the disputed issue concerns a prior order issued by Your Honor.

Case 1:15-cv-09242-RMB-KNF   Document 58   Filed 04/04/16   Page 2 of 3

The terms of the protective order, if applied to documents that include identifying information for the anonymous plaintiffs, could bring about unintended results. For example, paragraph 2 of the proposed protective order provides that "[d]ocuments and information shall not be deemed 'confidential materials' to the extent that they are otherwise publicly available." Documents that identify the three anonymous plaintiffs might be "publicly available" but unconnected to this case.[1] Such documents would not be deemed "confidential materials" under the protective order, but would have to be filed under seal in accordance with the Court's order granting anonymity. The confusion could be avoided by excluding from the protective order materials that reflect plaintiffs' identifying information.

The standard for lifting the anonymous status granted to the three plaintiffs is also different from that required to modify the protective order. The standard for anonymity is set forth in *Sealed Plaintiff*, 537 F.3d at 90, and requires the Court to consider a non-exhaustive list of ten (10) factors including the prejudice to both sides, the risk of harm to the plaintiff if his/her identity is disclosed and whether anonymity is in the public interest. *See id.* (citations omitted). As this Court recognized, plaintiffs seeking anonymity must make the required showing at different stages of the case, *see* Dkt. 38, at page 5 ("Defendants may move to revisit the issue of Plaintiffs' anonymity before the case proceeds to trial"); *Sealed Plaintiff*, 537 F.3d at 190 (district court must consider "whether the nature of th[e] prejudice [of disclosure of the party's identity] ... differs at any particular stage of the litigation").

Protective orders, on the other hand, are governed by Rule 26(c), which requires the party seeking the order to demonstrate "good cause." Fed. R. Civ. P. 26(c)(1). In addition, in some circumstances modification of a protective order requires a more stringent showing than that required by *Sealed Plaintiff*: "Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need.'" *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (quoting *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). Plaintiffs' proposed order, if adopted, would require the Court to address whether defendants are required to show "improvidence" in the grant of the order in the first place, or else "extraordinary circumstance[s] or compelling need," a showing not required by *Sealed Plaintiff*. Again, excluding the provision plaintiffs seek to add would avoid this confusion.

Finally, the City does not stipulate that identifying information should remain confidential for the duration of this lawsuit. We intend to revisit the matter before trial, or at any other appropriate time, as the Court's order allows. For this reason, as well, the City objects to including identifying information in the protective order which will govern throughout this case.

Without question, the Court's order granting anonymity requires the City to keep confidential all documents and other materials that include identifying information for those

---

[1] Documents in public criminal court files for cases in which the inmates whom plaintiffs were visiting are defendants, for example, possibly could reveal the names of the anonymous plaintiffs, and would not therefore be considered "confidential materials" under the protective order.

2

three plaintiffs. But the protective order was never intended to apply to identifying information for any plaintiff, and its terms were not drafted with that category of documents in mind. For these reasons, we respectfully request that, pursuant to Rule 26(c), the Court enter the attached order without plaintiffs' proposed paragraph 2(i).

                                                                         Respectfully submitted,

                                                                                     /s/
                                                                         Arthur G. Larkin
                                                                         Assistant Corporation Counsel

cc:     All counsel (by ECF)

---

We will discuss during conference scheduled for 4/14/16 @ 11:00 am

SO ORDERED:
Date: 4/7/16    /s/ Richard M. Berman
Richard M. Berman, U.S.D.J.

---

3