

MEMO ENDORSED

THE CITY OF NEW YORK

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL K. GERTZER
Senior Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 356-2654
Fax: (212) 356-3509

May 6, 2016

**BY ECF**
The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Dana Grottano, et al. v. City of New York, et al.</u>, 15 Civ. 9242 (RMB)

Your Honor:

We represent defendants City of New York ("City") and Joseph Ponte in the above-referenced putative class action matter in which plaintiffs allege that they were unlawfully strip searched while visiting inmates at various Department of Correction ("DOC") jails. In advance of the telephone conference scheduled for May 14, 2016, defendants respectfully request that certain documents that may have been sealed pursuant to CPL 160.50 be unsealed for the duration of this action, subject to the protective order previously entered by Judge Berman. Although plaintiffs do not oppose the motion, they neither consent nor choose to join with defendants' application.

In responding to plaintiff's document requests concerning their Monell claim, defendants located about 200,000 pages of responsive DOC documents. All were produced to plaintiffs with the exception of approximately 17,000 pages of material contained in about 860 folders, concerning instances where a visitor to DOC jail was arrested. These files contain documents such as criminal court complaints, NYPD arrest reports, NYPD property vouchers, photographs of recovered contraband, and other documents generated as a result of the arrest. Defendants have no means of quickly ascertaining which arrests led to convictions and which did not, but believe that it is possible that at in at least some of these cases, the criminal charges were dismissed. In order to avoid any disclosure that might conflict with the sealing requirements of CPL 160.50, defendants have for the moment withheld all of these documents from plaintiffs. Thus, in an abundance of caution defendants respectfully request that this Court issue an order

5/9/16
Application granted. However, these documents, when provided to the plaintiffs, shall be designated for attorneys - eyes - only notwithstanding the protective order's constraints.
SO ORDERED!
/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

unsealing these documents to the extent that some of them may be sealed, in order to allow defendants to produce them to plaintiffs.

To the extent that any of the persons identified in these documents eventually are included in the proposed class, defendants will need the details of these visits in order to prepare their defense. For example, one of the arguments raised by plaintiffs is that strip searches of visitors are unnecessary, and thus abusive, because they claim contraband rarely enters a DOC jail through visitors. If in fact these potentially sealed documents reflect that large numbers of visitors are discovered bringing contraband into DOC jails, then these documents are relevant and go to the heart of both plaintiff's claims, and defendants' defenses against those claims.

Safeguards to protect identities and personal information of the subjects of the documents exist. If unsealed, these documents would be produced pursuant to the protective order already in place, which will serve to shield the identity and personal information of the subjects of these files from public disclosure. Thus, none of the persons identified in these documents will suffer should the documents be unsealed solely for the duration of this lawsuit. *See Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997) ("The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused").[1] If necessary additional safeguards, such as designating the documents themselves attorneys' eyes only, could be instituted. *See e.g. Macnamara v. City of New York*, 04 Civ. 9216 (KMK)(JCF), 2006 U.S. Dist. LEXIS 82926, at 14 (S.D.N.Y. Nov. 13, 2006).

Courts in this district have issued similar orders unsealing documents in class action cases. For example in the related cases of *Casale v. Kelly*, 08-cv-2173 (SAS), and *Wise v. Kelly*, 2005-cv-05442 (SAS), where the plaintiffs alleged that NYPD officers had unlawfully issued summonses pursuant to N.Y. Penal Law §240.35(1), the court unsealed all such summonses and directed that they be made available to the parties (copies of the court's orders are attached as Exhibit "A"). See also *Haus v. City of New York*, 03 Civ. 4915 (RWS)(MHD), 2006 U.S. Dist. LEXIS 85225 (S.D.N.Y. Nov. 17, 2006)(court unsealed district attorney documents containing information relating to potential class action members).

---

[1] The protective order itself requires that any produced confidential materials be returned to their sources within 60 days of the termination of the action.

2

In sum, the documents concerning the arrests of visitors inside the DOC jails "(1) [are] not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions and unavailable from the representative parties; and (3) is necessary at trial at issues common to the class." *McCarthy v. Paine Webber Grp., Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995). Accordingly we respectfully request that the relief requested herein be granted.

Respectfully submitted,

Michael K. Geltzer
Senior Counsel

cc:  Via ECF

Raymond Audain, Esq.
Giskan Solotaroff Anderson & Stewart LLP
11 Broadway, Suite 2150
New York, NY 10004

Bruce Menken, Esq.
Beranbaum Menken LLP
80 Pine Street, 33rd Floor
New York, NY 10005

Julie Ortiz, Esq.
Koehler & Isaacs LLP
61 Broadway, 25th Floor
New York, New York 10006