```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
A.R., individually and on
behalf of all others similarly
situated, et al.,

              Plaintiffs,

        v.                                 15 Cv. 9242 (RMB)

CITY OF NEW YORK, et al.,

              Defendants.
------------------------------x
                                          September 7, 2016
                                          11:45 a.m.
Before:
                    HON. RICHARD M. BERMAN
                                          District Judge

                        APPEARANCES

BERANBAUM MENKEN LLP
     Attorneys for Plaintiffs
SCOTT SIMPSON

GISKAN, SOLOTAROFF ANDERSON & STEWART LLP
     Attorneys for Plaintiffs
ALIAKSANDRA RAMANENKA

RAYMOND AUDAIN
     NAACP, Legal Defense and Educational Fund

ZACHARY CARTER
     Corporation Counsel of the City of New York
MICHAEL K. GERTZER
     Assistant Corporation Counsel

KOEHLER & ISAACS
     Attorneys for Defendants Capers and Graham
JULIE A. ORTIZ

FRANKIE & GENTILE, P.C.
     Attorneys for Defendant Mayweather
JAMES FRANKIE
```

1           (Case called)

2           THE COURT:  My notes indicate that we need to
3  accomplish at least one or two things today.  One is to find
4  out precisely what the status is of discovery and where the
5  case is, and then also, or simultaneously, to find out what the
6  status, if any, is of any settlement discussions or
7  negotiations or where that stands.

8           So who wants to start?

9           MR. SIMPSON:  Scott Simpson, Beranbaum Menken LLP, for
10 the plaintiffs.  Good morning, your Honor.

11          THE COURT:  Good morning.

12          MR. SIMPSON:  The parties are in discovery and,
13 unfortunately, the process has been going very slowly.  We have
14 had conferences with Judge Fox.  We had numerous meet and
15 confers with the city, and it seems like repeatedly the city
16 will set a self-imposed deadline to get things moving, and they
17 have not been following these deadlines, which has been
18 incredibly frustrating for moving the case along.

19          THE COURT:  Can't the magistrate judge set some dates
20 that are final?  Why don't we just do that?

21          MR. SIMPSON:  I think the next step, because the
22 parties have been trying to work some of these issues out on
23 their own, the next step is to contact Judge Fox and possibly
24 ask for a more involved intervention on his part, possibly a
25 conference every two weeks, is what we were thinking, to make

1    sure the city has fulfilled its obligations.

2    I just want to let the Court know, in our conference
3    in late July with Judge Fox, he had advised the city to produce
4    a privilege log for example.  The city has assumed that certain
5    documents were privileged.  We have not received a privilege
6    log.  We recently submitted to the city our second request for
7    production.  We received a response on September 1.  It seems
8    like the majority of the responses are:  We are searching for
9    documents.

10    THE COURT:  If it comes back to me, what I am going to
11    do, if you request, is I am going to set deadlines, and that's
12    going to be it.  If those deadlines pass and there isn't
13    discovery, that will be held against the party who didn't make
14    discovery.

15    It's interesting.  I have often had cases where there
16    have been delays, but once that happens, we set a deadline and
17    that's the end of it.  And that's what is going to happen here.

18    MR. SIMPSON:  I also want to let the Court know, one
19    looming issue that could potentially cause delays is, as the
20    Court is aware, the Department of Investigation in the Bronx
21    District Attorney's Office is conducting an investigation of
22    the allegations contained in this lawsuit.  We are eager to
23    depose the named defendants, whose counsel are present here
24    today.  However, with an ongoing investigation, their clients
25    aren't going to say anything with the specter of charges

1   looming.  However, they don't know if their clients are the
2   ones being investigated, the scope of the investigation, who
3   are the corrections officers who are being investigated.
4          I would ask that Mr. Gertzer, to get things moving,
5   contact the DOI and at least get a determination over whether
6   the defendants named in this case are indeed a target of
7   investigation, because if they are not, then we can move
8   forward with their depositions once paper discovery is
9   complete.
10         THE COURT:  He might know that today.
11         MR. SIMPSON:  I don't think he does, Judge.
12         THE COURT:  Do you?
13         MR. GERTZER:  No, I don't know, because DOI is not
14  going to tell me precisely what they are doing for their
15  investigation.  When I had my conversation with them a couple
16  of months ago, right before our motion to stay the case
17  temporarily, I did discuss the issue with DOI.  All they would
18  tell me is that they are conducting interviews of the various
19  complainants, who I presume include the named plaintiffs.  They
20  aren't really willing to tell me any more than that, for
21  obvious reasons, and I would presume that to the extent they
22  are investigating the individual claims made by the various
23  people who have made complaints about what allegedly happened
24  at DOC jails, that the named defendants may very well be
25  subjects of investigation.  Certainly not an unreasonable

1   conclusion to come to.

2       MR. SIMPSON:  If I may respond, Judge.

3       Word on the street is that the investigation is going
4   to take four to six months from July.  So we are talking about
5   into the winter.  It could be into the spring, could be into
6   next summer.  What I am saying is that Mr. Gertzer can make
7   assumptions, we can all talk about the possibility that they
8   are investigating these defendants.  I would like to see some
9   diligence on the city's part, sending something in writing,
10  getting a determination, or at least making an effort to find
11  out if these defendants are being investigated.  And if the DOI
12  says, No, we are not responding, it's confidential, we are not
13  going to share that information, fine.  But no effort at almost
14  any front in this case has been made to move things along.

15      THE COURT:  That's not a complicated issue.  I am sure
16  Mr. Gertzer will be happy to do something.

17      MR. GERTZER:  I can reach out to DOI and ask them.  If
18  they tell me no, they tell me no.  I certainly do not want to
19  interfere in the investigation.

20      THE COURT:  I understand.

21      MR. GERTZER:  Also, your Honor, I would like to
22  respond to the allegations that we are dragging our feet in
23  discovery.  That simply is not the case.  We had a prior
24  meeting with Magistrate Fox.  He directed us to turn over
25  certain discovery.  We did that.  Thereafter, plaintiffs

1  conducted a deposition of a former official at the Board of
2  Corrections.  The discovery demands which they reference relate
3  mainly to things that were requested at her deposition.  We
4  just responded to that.  We have been in discussions with ESI.
5  We are right now trying to accumulate the various e-mail
6  accounts for all the various officials that they wanted us to
7  conduct ESI on.  That's all kinds of higher-up officials at DOC
8  and BOC.  It all takes time, and we are doing this through the
9  summer.
10          THE COURT:  What does Judge Fox say about the whole
11 thing?
12          MR. AUDAIN:  Judge Fox ordered the city to produce
13 revised initial disclosures.  Judge Fox also ordered that the
14 city produce a privilege log.  Mr. Gertzer informed Judge Fox
15 that he hadn't actually reviewed the documents.  He just
16 assumed based on the character of the documents that they were
17 privileged so he invoked the privilege.  Judge Fox explained
18 that that's really not the right way to proceed, so he ordered
19 the production of a privilege log.
20          THE COURT:  Do you have a date before Judge Fox
21 already or do you need to establish one if you want one?
22          MR. AUDAIN:  We would like to establish one, and we
23 would like to establish a semimonthly status conference.
24          THE COURT:  You're going to propose that to him?
25          MR. AUDAIN:  Yes, your Honor.

G978CITC

1          THE COURT:  It might help if you got a transcript of
2    today's proceeding and gave it to Judge Fox so he could see
3    what was discussed here exactly.  It would be helpful, it seems
4    to me, to the extent this is doable, but Judge Fox is an expert
5    in these matters so I am sure he can take care of them, to get
6    some closure, or as much closure as possible under the
7    circumstances here, but I will leave that to you all and Judge
8    Fox.
9          It doesn't sound like settlement has been high on the
10   agenda among all of you; is that fair to say?
11         MR. SIMPSON:  We are always open to talking about
12   settlement.
13         THE COURT:  But you haven't.
14         MR. SIMPSON:  No, we have not.
15         MR. GERTZER:  We haven't yet received a demand from
16   plaintiffs.  So I don't know what they are seeking.
17         THE COURT:  Is there anything to be gained by trying
18   to have any conversations with me and each side or it's too
19   early?
20         MR. SIMPSON:  I would say, Judge, while I appreciate
21   the Court's efforts to get discussions moving, our position is
22   that any discussion would be more fruitful once the city
23   fulfills its obligation to turn over discovery.
24         MR. GERTZER:  We would also like to take some
25   discovery from plaintiffs as well before we have those

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:15-cv-09242-RMB-KNF   Document 117   Filed 10/07/16   Page 8 of 9    8
G978CITC

```
1    discussions.
2            THE COURT:  When do you think realistically would be a
3    good time to come back here for me to know what the status of
4    things are?
5            MR. AUDAIN:  The status of things in terms of what, in
6    terms of the progress of discovery?
7            THE COURT:  When I should set a trial date.
8            MR. AUDAIN:  Had your Honor asked me in January what
9    would have been reasonable, I would have said --
10           THE COURT:  You would have said today.
11           MR. AUDAIN:  Seeing how glacially this case has
12   progressed, I dare not predict.
13           THE COURT:  I don't want to just have you here
14   unnecessarily.
15           MR. AUDAIN:  This is not unnecessary at all, your
16   Honor.  This really helps keep the case moving.  We found that
17   the more the Court is involved, the more the city fulfills its
18   obligations.
19           THE COURT:  What might be a date that it might be
20   helpful again?
21           MR. AUDAIN:  If your Honor is available in November, I
22   think that would be great.
23           THE COURT:  I certainly am.
24           Here's the thing.  I will set a November date, but you
25   can tell me before it and we can change it if December or
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  January is more sensible.
2          MR. GERTZER:  Your Honor, I am going to be on vacation
3  the last two weeks of November.
4          THE COURT:  So December is better for you, early
5  December?
6          MR. GERTZER:  Yes, your Honor.
7          THE COURT:  In the meantime you will have gone at
8  least once or twice to Judge Fox, right?
9          MR. AUDAIN:  Yes, your Honor.
10         THE COURT:  Let's say 9:15 on December 5.  We will
11  call it a status conference.
12         MR. AUDAIN:  Just a matter of housekeeping.  I would
13  just like the Court to be aware I am no longer with the firm of
14  Giskan Solotaroff.  I am now at the NAACP Legal Defense and
15  Educational Fund.  My office is in the process of getting
16  together the paperwork necessary to change that information on
17  ECF.
18         THE COURT:  So it's just really that change.  It
19  doesn't mean you're out of the case.
20         MR. AUDAIN:  I'm not out of the case.
21         THE COURT:  Just a different employer.
22         MR. AUDAIN:  That's correct, your Honor.
23         THE COURT:  Thanks.  Good to see you.
24         (Adjourned)
25