New York Office
40 Rector Street, 5th Floor
New York, NY 10006-1738
T 212.965.2200 F 212.226.7592
www.naacpldf.org

Washington, D.C. Office
1444 Eye Street, NW, 10th Floor
Washington, D.C. 20005T
202.682.1300F 202.682.1312



November 18, 2016

**VIA ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *A.R. et al. v. City of N.Y. et al., 15 Civ. 9242 (RMB)(KNF)*

Dear Judge Fox:

     We are co-counsel to Plaintiffs in the above referenced class action against the City of New York, Joseph Ponte (together, "City Defendants" or "City"), Captain Erica Mayweather, Correction Officer ("CO") Yolanda Capers, CO Thomasena Graham, and John and Jane Doe COs 1-25.[1]

     As Your Honor may recall, on July 26, 2016, the Court ordered the City to support its assertions of privilege. It took the City until October 14, 2016, to serve a privilege log,[2] and it is deficient.

     "The standard for testing the adequacy of [a] privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity claimed. The focus is on the descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule . . . ." *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 223 (S.D.N.Y. 2001). Local Civil Rule 26.2 requires the party asserting a privilege to identify the type of document, its general subject matter, its date, the author of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other. "A scant, uninformative description of the documents is insufficient." *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991). "[I]f the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for

---

[1]    The City Defendants are represented by the City's Corporation Counsel. Defendants Capers, Graham, and Mayweather are represented by separate, union counsel.

[2]    Annexed hereto as Exhibit A.

application of the privilege, his claim will be rejected." *Browne of N.Y. City, Inc. v. AmBASE Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

The City has failed to provide sufficient information to support its claims of privilege for the vast majority of documents that it withholds. Plaintiffs and the Court are left to guess about basic information, such as the putatively privileged documents' authors and recipients, the documents' dates, and the general subject matter of the documents. Almost four months after the Court ordered the City to produce a privilege log, Plaintiffs still do not know what exactly the City is withholding and why.

On October 21, 2016, Plaintiffs delivered a deficiency letter to the City Defendants, in the hope that they would reconsider their positions and supplement the privilege log.[3] To date, the City Defendants have not responded to Plaintiffs' deficiency letter. Therefore, we write pursuant to Local Civil Rule 37.2 to respectfully request a pre-motion conference to discuss the City's deficient privilege log, in anticipation of a motion to compel, should one be necessary. As Your Honor may recall, the Parties are scheduled to appear before the Court on November 22, 2016, for a telephonic conference. We look forward to discussing these issues then.

### A. Deliberative Process Privilege

The City Defendants invoke the deliberative process privilege to withhold 112 documents.

The deliberative process privilege is intended to protect the confidentiality of government agencies' decision-making processes in certain limited circumstances. *See, e.g., Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356-57 (2d Cir. 2005). To assert the privilege, an agency must demonstrate that each document is predecisional and deliberative. *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). The deliberative process privilege must also be invoked "by the head of the governmental agency which has control over the information to be protected, after personal review of the documents in question," or by a subordinate designee of high authority. *Reino de Espana v. Am. Bureau of Shipping,* 2005 U.S. Dist. LEXIS 15685, at *36-37 (S.D.N.Y. Aug. 1, 2005). In addition, "the person asserting the privilege must have personally reviewed the purportedly privileged matter and provide[d] specific reasons for the assertion of the . . . privilege with an affidavit *contemporaneous* with the assertion of such privilege." *Martin v. N.Y.C. Transit Auth.*, 148 F.R.D. 56, 59-60 (E.D.N.Y. 1993) (emphasis in the original); *see also Schomburg v. N.Y. City Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014) ("To invoke the deliberative-process privilege, '[t]he claim . . . must be lodged by the head of the agency . . . . The assertion of the privilege by an attorney is therefore improper.'") (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liability Litig.,* 643 F. Supp. 2d 439, 441 (S.D.N.Y. 2009)). The agency claiming the privilege must also provide precise and certain reasons for preserving the confidentiality of the information. *Davis v. City of N.Y.,* 2011 WL 1742748, at *3 (S.D.N.Y. May 5, 2011).

The deliberative process privilege is a qualified privilege, and the burden of justifying the application of the privilege rests with the party seeking to invoke it. *Kaufman v. City of N.Y.,* 1999 WL 239698, at *4 (S.D.N.Y. Apr. 22, 1999). Courts apply the privilege narrowly, to reflect "the great weight

---

[3] Annexed hereto as Exhibit B.

2

of the policy in favor of discovery in civil rights actions and the normal presumption in favor of broad discovery." *MacNamara v. City of N.Y.,* 249 F.R.D. 70, 80 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). Moreover, "[t]he privilege does not, as a general matter, extend to purely factual matter." *Nat'l Congress for Puerto Rican Rights ex rel. Perez v. City of N.Y.*, 194 F.R.D. 88, 93 (S.D.N.Y. 2000) *("Nat'l Congress")*.[4]

The City has improperly asserted the deliberative process privilege. First, it was not invoked by the heads of the respective agencies or subordinate designees of high authority. Second, the documents described as ███████████████████████████ do not appear to originate from a government agency. *See Devins v. Lazoff,* 2012 WL 1080182, at *1 (S.D.N.Y. Mar. 30, 2012) (deliberative process privilege does not protect a document that either originated from or was provided to an entity that is not a government agency). Finally, the City has failed to establish that the documents are predecisional and deliberative.

    i.    The City Has Failed to Establish That Documents Are Predecisional

To be predecisional, a document must have been "prepared in order to assist an agency decisionmaker in arriving at his [or her] decision." *In re MTBE,* 643 F. Supp. 2d at 442. In determining whether a document is predecisional, courts require the agency asserting the privilege to (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document to assist the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates. *Nat'l Congress*, 194 F.R.D. at 92. "[T]he privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002).

Here, the record is devoid of any information regarding the formulation or exercise of any policy-oriented judgment that relates to the putatively protected documents. The City has completely failed to demonstrate or even explain how these documents relate to specific agency decisions. Instead, the descriptions[5] suggest that the documents at issue were created in the normal course of business, and thus are not the kinds of documents this privilege was designed to protect. *See Pearson v. City of N.Y.*, 2009 WL 3247433, at *1 (E.D.N.Y. Oct. 6, 2009) (documents created as "part of a routine and ongoing process of agency self-evaluation" are not protected by the deliberative process privilege, as "explaining

---

[4] To the extent that the City can redact the putatively privileged documents to reveal factual information, it must do so. In *Davis*, the court admonished the City for failing to disclose purely factual material, and ordered the release of those portions of the requested documents that were factual and could be separated from the deliberative portions. 2011 WL 1742748, at *4. Here, too, it does not appear that the City has attempted to make any such distinction.

[5] *E.g.,* ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

3

or interpreting an existing policy or measuring compliance with existing procedures is not predecisional").

### ii.     The City Has Failed to Establish That Documents Are Deliberative

A document is deliberative when it relates to the process by which policies are formulated. *N.Y. Times v. U.S. Dep't of Justice*, 101 F. Supp. 3d 310, 318 (S.D.N.Y. 2015). To make this determination, courts consider "whether the document (i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *In re MTBE,* 643 F. Supp. 2d at 442. As discussed above, the record is devoid of information to support a contention that the documents at issue satisfy any of these criteria. *See Bailey v. City of N.Y.*, 2015 WL 4523196, at *8 (E.D.N.Y. July 27, 2015) (rejecting invocation of privilege for failure to "specify decision on policy" for which documents were created). In fact, many of the documents at issue appear to be complaints from victims of the City's strip search policy, and other ordinary business records. There is no indication that the documents reflect any assessment of evidence obtained during an investigation, set forth policy recommendations, or relate to any process by which Department of Investigation or Department of Correction policies are formulated. *See, e.g., Charles v. City of N.Y.*, 2011 WL 5838478, at *2 (E.D.N.Y. Nov. 18, 2011) (internal affairs investigation documents did not "contain the sort of deliberative communications underlying the formation of public policy that the deliberative process privilege is designed to protect," but rather were "part of a routine process to determine whether disciplinary action was warranted"); *Otterson v. Nat'l R.R. Passenger Corp.*, 228 F.R.D. 205, 208 (S.D.N.Y. 2005) (notes made by an agent of Amtrak's Office of the Inspector General concerning an investigation were not protected by the deliberative process privilege because the document was unrelated to "any policy issues").

Plaintiffs respectfully request that the Court compel the production of all documents for which the deliberative process privilege has been invoked. In the alternative, Plaintiffs respectfully request that the Court undertake an *in camera* review of the documents to determine whether they are indeed privileged.

### B.  Law Enforcement Privilege

The City Defendants invoke the law enforcement privilege to withhold 112 documents.

"The purpose of the privilege . . . is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re City of N.Y.*, 607 F.3d 923, 940-41 (2d Cir. 2010). "[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue." *Id. at* 944-45. To discharge its burden, the City must show that "the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations." *Floyd v. City of N.Y.*, 739 F. Supp. 2d 376, 380

4

(S.D.N.Y. 2010); *see also MacNamara v. City of N.Y.*, 2007 WL 1169204, at *5 (S.D.N.Y. Apr. 20, 2007) ("In order to sustain the privilege, a party must make a clear and specific evidentiary showing of the nature and extent of the harm that is likely to be encountered if disclosure is permitted . . . .").

Here, as above, the City does not even attempt to discharge its burden. Therefore, Plaintiffs respectfully request that the Court compel production of all documents for which the law enforcement privilege has been invoked. In the alternative, Plaintiffs respectfully request that the Court undertake an *in camera* review to determine whether the documents are indeed privileged.

### C. Self-Critical Analysis Privilege

The City Defendants invoke the self-critical analysis privilege to withhold 16 documents.

As an initial matter, it is unclear whether courts in this circuit recognize the self-critical analysis privilege. *See Devins v. Lazoff*, 2012 WL 1080182, at *1 (S.D.N.Y. Mar. 30, 2012) ("Although some courts recognize the self-critical analysis privilege, no precedent establishes such a privilege."). Assuming *arguendo* that the privilege obtains, "a party invoking the self-critical analysis privilege must show that: (i) the information sought resulted from a critical self-analysis undertaken by the party seeking protection; (ii) the public has a strong interest in preserving the free flow of the type of information sought, and (iii) the information is of the type whose flow would be curtailed if the discovery were allowed." *Id.* at *3 (internal quotation marks and citations omitted).

The City fails to provide any reasons for invoking the self-critical analysis privilege, let alone establish their entitlement to the privilege by a detailed and convincing showing of the harm to be anticipated from the disclosure. *See MacNamara,* 2007 WL 1169204, at *5. There is simply nothing in the record to support any claim that the documents at issue resulted from a critical self-analysis by the agencies in question. Plaintiffs respectfully request that the Court compel production of all documents for which the self-critical analysis privilege has been invoked. In the alternative, Plaintiffs respectfully request that the Court undertake an *in camera* review to determine whether the documents are indeed privileged.

### D. HIPAA

The City invokes the "HIPAA privilege" to redact in their entirety three undated and unattributed documents that it describes as "medical records."[6] However, it is unclear from the privilege log whether the entire documents are protected by HIPAA, or whether any personally identifying information can be redacted. *See Caines v. Addiction Research & Treatment Corp.*, 2007 U.S. Dist. LEXIS 23130, at *3-4 (S.D.N.Y. Mar. 19, 2007) ("It is a routine matter in litigation for courts to require production, where necessary, of records that reflect medical treatment of non-parties, sometimes with the identities of the

---

[6] DEF199410-414 and DEF200731-734 are annexed hereto as Exhibit C.

5

patients redacted.  This practice is fully consistent with the privacy provisions of HIPAA.") (citing cases).  To the extent that the City can redact the medical records to protect confidential information only, Plaintiffs respectfully request that the Court compel the City to do so.

                Respectfully submitted,

                */s/Raymond Audain*
                Raymond Audain

Cc:    All counsel of record (via ECF)