15-CV-9242 (RMB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANA GROTTANO, N.D., A.R. and D.M., individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK; THE CITY OF NEW YORK DEPARTMENT OF CORRECTION COMMISSIONER JOSEPH PONTE; CORRECTION OFFICER YOLANDA CAPERS; CORRECTION OFFICER ERICA MAYWEATHER; CORRECTION OFFICER THOMASENA GRAHAM; and JOHN AND JANE DOE CORRECTION OFFICERS 1-25,

Defendants.

**DEFENDANTS CITY OF NEW YORK AND JOSEPH PONTE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Michael Gertzer*
*Tel: (212) 356-2654*
*Matter No. 2015-054550*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

FACTS .....................................................................................................................................1

ARGUMENT

    POINT I

        PLAINTIFFS' MOTION IS PREMATURE BECAUSE NO MEET AND CONFER WAS HELD BEFORE PLAINTIFFS FILED THEIR MOTION .................................................................3

    POINT II

        THE DOI FILE IS SHIELDED FROM DISCLOSURE PURSUANT TO LAW ENFORCEMENT PRIVILEGE .................................................4

    POINT III

        THE DOI FILE IS BOTH PROTECTED FROM DISCLOSURE BY THE DELIBERATIVE PROCESS PRIVILEGE .................................................7

    POINT IV

        DEFENDANTS PROPERLY REDACTED THREE DOCUMENTS PURSUANT TO THEIR OBLIGATIONS UNDER HIPAA .................................................9

CONCLUSION ......................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Pages**

*Branch v. Phillips Petroleum Co.*,
    638 F.2d 873 (5th Cir. 1981) .................................................................................... 7

*In re Dep't of Investigation*,
    856 F.2d 481 (2d Cir. 1988) ................................................................................. 4, 5

*Dinler v. City of N.Y. (In re City of N.Y.)*,
    607 F.3d 923 (2d Cir. 2010) .............................................................................. 4, 5, 6

*Dipace v. Goord*,
    218 F.R.D. 399 (S.D.N.Y. 2003) ............................................................................ 8

*Doerbecker v. County of Nassau*,
    2013 U.S. Dist. LEXIS 71990 (E.D.N.Y. May 21, 2013) ........................................ 8

*Excess Ins. Co. v. Rochdale Ins. Co.*,
    05 Civ. 10174 (RWS), 2007 U.S. Dist. LEXIS 74193 (S.D.N.Y. Oct. 4, 2007) ........ 3

*Grand Central P'ship, Inc. v. Cuomo*,
    166 F.3d 473 (2d Cir. 1999) ................................................................................ 7, 8

*Hopkins v. United States Dep't of Hous. & Urban Dev.*,
    929 F.2d at 84 ........................................................................................................ 7

*Kelly v. City of San Jose*,
    114 F.R.D. 653 (N.D.Ca. 1987) ............................................................................. 7

*Morrissey v. City of New York*,
    171 F.R.D. 85 (S.D.N.Y.1997) ............................................................................... 5

*New York City Managerial Ass'n v. Dinkins*,
    807 F. Supp. ........................................................................................................... 8

*Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*,
    194 F.R.D. 88 (S.D.N.Y. 2000) ............................................................................. 7

*Prescient Partners, L.P. v. Fieldcrest Cannon*,
    96 Civ. 7590 (DAB)(JCF), 1998 U.S. Dist. LEXIS 1826
    (S.D.N.Y. Feb. 18, 1998) ....................................................................................... 4

*Resolution Trust Corp. v. Diamond*,
    137 F.R.D. 634 (S.D.N.Y. 1991) ............................................................................ 8

*In re Sealed Case,*
   856 F.2d 268 U.S. App. D.C. 314 (D.C. Cir. 1988) ............................................................. 4, 6

*Turkmen v. Ashcroft,*
   2004 U.S. Dist. LEXIS 14537 (E.D.N.Y. July 29, 2004) ...................................................... 7, 8

*United States v. Amodeo,*
   44 F.3d 141 (2d Cir. 1995) ..................................................................................................... 4, 5

*United States v. Nixon,*
   418 U.S. 683 (1974) ..................................................................................................................... 7

**<u>Statutes</u>**

45 CFR 164.512(e)(1) ........................................................................................................................ 9

Fed.R.Civ.Pro. 37 .............................................................................................................................. 2

Fed.R.Civ.Pro. 37(a)(1) .................................................................................................................... 3

## PRELIMINARY STATEMENT

Defendants City of New York and Joseph Ponte submit the within memorandum of law in opposition to plaintiffs' motion to compel production of certain documents defendants have asserted privilege, namely (1) the investigation file (the "DOI File") for the pending NYC Department of Investigation ("DOI") investigation into plaintiff's allegations; and (2) three other documents from prior production that defendants withheld as shielded by HIPAA.[1]

## FACTS

Plaintiffs have brought this putative class action alleging DOC has an unlawful policy to strip search visitors to DOC jails. Because of the seriousness of plaintiff's allegations, among other reasons, DOC's Investigation Division commenced an investigation into these allegations. Meanwhile, DOI in conjunction with the Bronx District Attorney's Office commenced its own investigation (the "Investigation") into these allegations. The ID investigation was nearly complete when DOI contacted the ID investigator and told him to cease his investigation until the DOI/Bronx DA investigation was complete.

Since that time the DOI/Bronx District Attorney's Office Investigation has been ongoing. As part of this investigation, DOI created a file (the "DOI File"), which mainly consists of (1) visitor complaints to either DOI or the Bronx District Attorney's Office, (2) internal DOI memoranda concerning interviews of these complainants; (3) memoranda generated after DOI visits to various DOC facilities; (4) draft memoranda concerning DOI's analysis of the collected information with conclusions. There is a possibility that the Investigation could result

---

[1] Defendants will produce the file generated by the Department of Correction's ("DOC") Investigation Division (the "DOC ID File").

in criminal charges. For these reasons, the file concerning the DOI/Bronx DA investigation is privileged and, we submit, should not be disclosed at this time.

In addition, defendants withheld three documents from their October 6, 2016, discovery production to plaintiffs that are at issue. These documents were produced in heavily redacted form pursuant to HIPAA because they were medical records of nonparty correction officers.

On October 3, 2016, this Court directed that defendants produce privilege logs to plaintiffs concerning all withheld documents, including the investigation files and the HIPAA documents. On October 14, 2016, defendants provided three privilege logs to plaintiffs: for the DOI File (annexed to the Declaration of Michael K. Gertzer as Exhibit "A"), the ID File (annexed to the Gertzer Declaration as Exhibit "B") and the three documents withheld from defendants' October 6, 2016, production (annexed to the Gertzer Declaration as Exhibit "C"). The DOI File and the ID File were withheld primarily on the basis of Law Enforcement privilege and Deliberative Process privilege.

On November 18, 2016, literally a few minutes before the attorney handling this matter for defendants was scheduled to leave for vacation, as plaintiffs' counsel knew, plaintiffs wrote to the Court seeking a pre-motion conference concerning the aforementioned withheld documents. Notably, at no time prior to plaintiff's letter did the parties have a "meet and confer" pursuant to Fed.R.Civ.Pro. 37. At the telephone conference held on December 6, 2016, this Court directed that plaintiff make a formal motion, which was filed on December 9, 2016.

Since that time, as is set forth in the Declaration of Jennifer Sculco (the "Sculco Decl."), DOI's Senior Inspector General for DOC, the DOI portion of the Investigation has been provisionally completed. However, the Bronx District Attorney's Office is continuing its portion

of the Investigation, and may request that DOI reopen its side of the Investigation. The contents of the DOI File may ultimately become central to any future prosecution by the Bronx District Attorney's Office. Therefore, defendants respectfully request that that the DOI file remain privileged until such time as the Bronx District Attorney's Office completes its own portion of the investigation.

Furthermore, insofar as the three medical records lack any relevance and are shielded from disclosure by HIPAA, defendants respectfully request that that portion of plaintiff's motion also be denied.

## ARGUMENT

### POINT I

### PLAINTIFFS' MOTION IS PREMATURE BECAUSE NO MEET AND CONFER WAS HELD BEFORE PLAINTIFFS FILED THEIR MOTION

As a preliminary matter, this request is premature because plaintiffs have not complied with the requirements of Fed.R.Civ.Pro. 37(a)(1) which requires that the parties hold a meet and confer before seeking judicial relief. While it is true that plaintiff wrote a letter to defendants claiming that defendants had asserted privilege improperly, this letter was not a substitute for the meet and confer requirement. Rule 37(a)(1) specifically requires that the movant must have "conferred" or "attempted to confer" with the other party before seeking relief. No meet and confer was ever held or scheduled, and plaintiffs made no attempt to follow up upon their letter.

"The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible." *Excess Ins. Co. v. Rochdale Ins. Co.*, 05 Civ. 10174 (RWS), 2007 U.S. Dist. LEXIS 74193, at *1 (S.D.N.Y. Oct. 4, 2007).

Absent exigent circumstances (which do not exist here), the failure to meet and confer mandates denial of a motion to compel. *Prescient Partners, L.P. v. Fieldcrest Cannon*, 96 Civ. 7590 (DAB) (JCF), 1998 U.S. Dist. LEXIS 1826 (S.D.N.Y. Feb. 18, 1998) ("Under ordinary circumstances ... the failure to meet and confer mandates denial of a motion to compel"); *Viagasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. Feb. 16, 2016) ("Plaintiff's failure to meet and confer with defense counsel in good faith is sufficient reason by itself to deny plaintiff's motion to compel").

In fact, had the parties conferred prior to plaintiff's motion, the question of the DOC ID File could have been resolved without the need for motion practice because defendants will produce this file.

Because plaintiffs' counsel failed to meet and confer with us, and in order to discourage plaintiffs' practice of filing motions without meeting and conferring beforehand as the Rules require, we submit that plaintiffs' motion should be denied.

## POINT II

### THE DOI FILE IS SHIELDED FROM DISCLOSURE PURSUANT TO LAW ENFORCEMENT PRIVILEGE

The DOI File should be shielded from disclosure on the basis of law enforcement privilege.

The law enforcement privilege exists "[t]o prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988); accord *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). The

party asserting the law enforcement privilege bears the burden of showing that the privilege applies to the documents in question. *Dinler v. City of N.Y. (In re City of N.Y.)*, 607 F.3d 923, 940-41 (2d Cir. 2010), citing *In re Sealed Case*, 856 F.2d 268, 271-72, 272 U.S. App. D.C. 314 (D.C. Cir. 1988). To meet this burden, the party asserting the law enforcement privilege must show that the documents contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations. *Dinler*, 607 F.3d at 948, citing *In re Dep't of Investigation*, 856 F.2d at 484; *Morrissey v. City of New York*, 171 F.R.D. 85, 90 (S.D.N.Y.1997); *United States v. Amodeo*, 44 F.3d 141, 147 (2d. Cir. 1995).

As set forth in the Sculco Declaration,[2] the Investigation could potentially result in criminal charges (Sculco Decl. at ¶4). The DOI File contains visitor complaints and investigator notes of the interviews of these complainants (Sculco Decl. at ¶6-7). These interviews were conducted with the understanding that they remain confidential and only shared on a need to know basis with, for example, prosecutors (Sculco Decl. at ¶8). Premature disclosure of both complainant and interview information could result in future tampering with those complainants and may deter future similarly situated persons from cooperating with DOI (Sculco Decl. at ¶9). Furthermore, premature revelation of DOI investigator memoranda describing site visits to DOC facilities may compromise future DOI investigations by revealing investigative techniques and strategies, and may also provide sensitive information about jail

---

[2] Jennifer Sculco is also a former Assistant District Attorney in the office of the District Attorney for New York County (Sculco Decl. at ¶2).

personnel and operations (Sculco Decl. at ¶9). Disclosure of the DOI File may threaten to prejudice the ability of the Bronx District Attorney's Office to bring any future prosecution against subjects of the investigation (Sculco Decl. at ¶10). Indeed, disclosure of the DOI File at this time could result in premature disclosure of evidence to parties in this litigation who may ultimately be the subject of prosecution (Sculco Decl. at ¶10). Finally, once the Bronx District Attorney's Office either completes a prosecution based upon DOI's investigation, or determines not to bring such a prosecution, DOI has no objection to producing the DOI File subject to a confidentiality order and appropriate redactions of personal information and privileged material (Sculco Decl. at ¶12).

Once the party asserting the privilege successfully shows that the privilege applies, the district court must then balance the public interest in nondisclosure against the need of a particular litigant for access to the privileged information. *In re Sealed Case*, 856 F.2d at 272. There is a strong presumption against lifting the privilege. To rebut the presumption, the party seeking disclosure bears the burden of showing (1) that the suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the party has a compelling need for the privileged information. If the presumption against disclosure is successfully rebutted by a showing of a compelling need, the district court must then weigh the public interest in nondisclosure against the need of the party seeking disclosure/access to the privileged information before ultimately deciding whether disclosure is required. *Dinler*, 607 F.3d at 948. Putting aside prongs one and two, plaintiffs do not have a compelling need to break the law enforcement privilege. The DOI Investigation virtually complete. Once the Bronx District Attorney's Office closes its portion of the investigation by either a completed prosecution (during which appropriate portions of the DOI

File would be produced to a criminal defendant under the Criminal Procedure Law) or a decision to not pursue any prosecutions, defendants will produce the DOI File, to plaintiffs (subject to redactions of officer personal information, and any other privileged portions of the DOI File).

The City already has produced well over two hundred thousand (200,000) pages of documents and an additional sixty seven thousand (67,000) pages of non-duplicative items of electronically stored information ("ESI"). Plaintiffs have more than enough information to begin taking depositions as part of class certification discovery. There is no compelling need to pierce the law enforcement privilege in the circumstances presented here.

## POINT III

### THE DOI FILE IS BOTH PROTECTED FROM DISCLOSURE BY THE DELIBERATIVE PROCESS PRIVILEGE

In addition to being shielded from disclosure by law enforcement privilege, the DOI File should be protected from disclosure pursuant to deliberate process privilege.

The deliberative process privilege was conceived as a way to help preserve the vigor and creativity of the process by which government agencies formulate important public policies. *Turkmen v. Ashcroft*, 2004 U.S. Dist. LEXIS 14537, at *5-6 (E.D.N.Y. July 29, 2004); citing to *Kelly v. City of San Jose*, 114 F.R.D. 653, 658 (N.D.Ca. 1987)(citing *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881-82 (5th Cir. 1981)). Thus, the deliberative process privilege "protects 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency,'" *Turkmen v. Ashcroft*, 2004 U.S. Dist. LEXIS 14537, at *6-7 citing to *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (quoting *Grand Central P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)). "Thus, underlying the deliberative process privilege is the rationale that 'those who expect public

dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process.'" *Grand Cent. P'Ship, Inc. v. Cuomo*, 166 F.3d 473, 481 (2d Cir. 1999) *quoting United States v. Nixon*, 418 U.S. 683, 705 (1974).

The agency claiming the deliberative process privilege must demonstrate both that the document is pre-decisional and that the document is a part of the deliberative process. *Hopkins v. United States Dep't of Hous. & Urban Dev.*, 929 F.2d at 84. In order to establish that the communication is pre-decisional, it must be shown that the communication was generated before a final decision had been reached with respect to the subject matter of the communication, and that it was prepared in order to assist the decision-maker in arriving at his or her decision. *Turkmen v. Ashcroft*, 2004 U.S. Dist. LEXIS 14537, at *8-9 (E.D.N.Y. July 29, 2004), citing to *New York City Managerial Ass'n v. Dinkins*, 807 F. Supp. at 957; *Resolution Trust Corp. v. Diamond,* 137 F.R.D. 634, 640 (S.D.N.Y. 1991). Documents which are pre-decisional in nature retain their protection even after the decision is made. *Dipace v. Goord,* 218 F.R.D. 399, 406 (S.D.N.Y. 2003).

As previously set forth, the DOI Investigation, while technically complete, is subject to reopening depending upon the conclusions of the Bronx District Attorney's Office. Thus, to the extent the DOI File contain memoranda and draft reports, such documents are pre-decisional and part of the deliberative process. *See e.g. Doerbecker v. County of Nassau*, 2013 U.S. Dist. LEXIS 71990 (E.D.N.Y. May 21, 2013)(finding that drafts of a District Attorney reports and memoranda compiled for the purpose of assisting the District Attorney from determining whether or not a prosecution was warranted fell under deliberative process); *Grant Cent. P'Ship*, 166 F.3d at 482 (privilege includes "recommendations, draft documents, proposals,

suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency"). Thus, these documents should not be produced.

## POINT IV

### DEFENDANTS PROPERLY REDACTED THREE DOCUMENTS PURSUANT TO THEIR OBLIGATIONS UNDER HIPAA

Defendants also produced heavily redacted versions of three medical records concerning treatment provided by medical staff retained by DOC to three nonparty correction officers in the aftermath of three incidents that are unrelated to plaintiffs' action. This medical treatment cannot possibly be relevant to plaintiffs' claims—none of the incidents alleged by plaintiffs claim that there was a use of force or that anyone suffered any physical injuries, and disclosure of these documents can serve no purpose.

In addition to lacking relevance, defendants redacted these documents under their obligations under HIPAA. Under 45 CFR 164.512(e)(1), defendants would not be able to produce these documents without receiving "satisfactory assurance" that "the individual who is the subject of the protected health information that has been requested has been given notice of the request." Because this has not occurred, defendants should not be compelled to produce unredacted versions of these documents.

## CONCLUSION

For the foregoing reasons, Defendants City of New York and Joseph Ponte respectfully request that this Court deny plaintiffs' motion to compel together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          January 6, 2017

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendants City of New York and
                                      Joseph Ponte
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2654


                                      By:   /s_____
                                            Michael K. Gertzer
                                            Senior Counsel
                                            Special Federal Litigation Division