# EXHIBIT 4

| | |
|---|---|
| Grottano, *et al.*,<br><br>v.<br><br>The City of New York, *et al.* | Class Action<br>Civil Action No. 15 Civ. 9242 (RMB) |

**NOTICE OF PENDENCY OF CLASS ACTION**
**PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

**TO:** All persons who visited or attempted to visit an inmate housed at a New York City Department of Correction ("DOC") facility[1] from November 23, 2012 to [the date of preliminary approval] ("Class Period"), who were subject to an invasive search. An Invasive Search is any search of a visitor conducted by DOC employees at a DOC facility that resulted in more than accidental or incidental exposure of, or contact with, a visitor's breasts, genitals, or buttocks as part of the search process.

This Notice is being sent to you by order of the United States District Court for the Southern District of New York (the "Court"). It describes a proposed settlement (the "Settlement") of a class action lawsuit asserting claims against the City of New York (the "Civil Action") for violating the constitutional rights of visitors to DOC facilities. This Notice also describes your right to receive money from this Settlement.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION.**

**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT.**

**Summary of Settlement:**

On November 23, 2015, the Class Representatives filed this lawsuit, on behalf of themselves and a class of individuals who were subjected to unlawful invasive searches. A final settlement agreement was reached in June 2019.

The Settlement includes cash payments of up to $12,500,000.00 (twelve million five hundred thousand dollars) to the class (the "Class Fund") as well as the payment of up to $5,400,000 (five million four hundred thousand dollars) in legal fees and expenses, administration costs, incentive awards to the Class Representatives, and certain changes to the DOC's practices, as described in this Notice.

Specifically, this Notice is being sent to all individuals who visited a NYC DOC facility from November 23, 2012 to [the date of preliminary approval]. The fact that you received this Notice means that you may have been subjected to an Invasive Search.

The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Grottano, et al. v. The City of New York, et al.* This case is assigned to United States District Judge Richard M. Berman. The Court has preliminarily approved the Settlement and wishes to inform you of the general terms of the Settlement and what actions you need to take to participate in the benefits provided by the Settlement.

The Court will hold a hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give final approval to this Settlement. The Fairness Hearing will be held on _____ at 10:30 a.m., before The Honorable Richard M. Berman, United States District Judge, Southern District of New York, 500 Pearl Street, Courtroom 17B, New York, New York 10007. If the Court approves the Settlement, the Court's judgment will be final and binding, and payments will be made after the completion of all claims processing.

You may attend this hearing if you wish, but you are not required to appear at the hearing. If you are a Class Member, you will be represented by Class Counsel at no cost to you.

---

[1] DOC Rikers Island Facilities are: Benjamin Ward Visit Center, Robert N. Davoren Center (RNDC), George Motchan Detention Center (GMDC), Eric M. Taylor Center (EMTC), Anna M. Kross Center (AMKC), Rose M. Singer Center (RMSC), Otis Bantum Correctional Center (OBCC), North Infirmary Command (NIC), George R. Vierno Center (GRVC), James A. Thomas Center (JATC), West Facility (WF).
DOC Non-Rikers Island Facilities are: Brooklyn Detention Complex (BKDC), Manhattan Detention Complex (MDC), Vernon C. Bain Center (VCBC), Queens Detention Complex (QDC), Elmhurst Hospital Prison Ward (EHPW), Bellevue Hospital Prison Ward (BHPD).

**If you wish to make a claim for monetary relief, this Notice will describe the procedures to do so.**

**Or, if you wish to opt out from the settlement or object to it, this Notice will describe those procedures.**

## I. PURPOSE OF THIS NOTICE

This Notice explains the Civil Action, the Settlement, the certification by the Court of the Settlement Class, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The interests of the Settlement Class have been represented in the Civil Action by the NAACP Legal Defense and Educational Fund, Inc. ("LDF"), Beranbaum Menken LLP, and Giskan, Solotaroff & Anderson LLP (collectively "Class Counsel"). If you have questions regarding this Notice or your rights in this Settlement, you may contact the settlement administrator at 844-979-7313, or visit www.___.com. You may also contact the attorneys for the Class listed in Section VII below.

If you want to be represented by your own lawyer (other than Class Counsel), you may hire one at your own expense.

## II. LITIGATION BACKGROUND

On November 23, 2015, the Class Representatives filed a Class Action Complaint against the City of New York, Joseph Ponte, and certain Correction Officers in the United States District Court for the Southern District of New York, on behalf of themselves and a class of individuals who claimed to have been improperly searched by NYC DOC Correction Officers under 42 U.S.C. § 1983 and the New York Constitution.

In order to secure certain, prompt and extensive relief for the Settlement Class and to avoid the risk of future litigation, trial and appeals, the Parties engaged in settlement negotiations for the Class from July 2018 through June 2019. On June 19, 2019, the Parties reached an agreement providing for the settlement of the class action and executed a Settlement Agreement (the "Agreement" or "Settlement Agreement") on June 20, 2019. Class Counsel believes that the Settlement is fair, reasonable and adequate and that it serves the best interest of the Settlement Class based on all the facts and circumstances.

## III. CLASS DEFINITION

You are a member of the Settlement Class if you:

> Visited or attempted to visit an inmate housed at a New York City Department of Correction ("DOC") facility from November 23, 2012 to [the date of preliminary approval] ("Class Period"), and were subject to an invasive search.

> An Invasive Search is any search of a visitor conducted by DOC employees or by a visitor at the direction of a DOC employee, at a DOC facility that resulted in more than accidental or incidental exposure of, or contact with, a visitor's breasts, genitals, or buttocks as part of the search process. An Invasive Search also includes any search of a visitor conducted by DOC employees or by a visitor at the direction of a DOC employee, at a DOC facility when the visitor is made to expose, remove, or display any feminine hygiene products they are wearing, including but not limited to: sanitary napkins, tampons, and other absorbent materials placed in the vicinity of a visitor's vagina or underwear.

> Unless it resulted in more than the accidental or incidental exposure of, or contact with, a visitor's breasts, genitals, or buttocks, the patting of the visitor's clothing, examining of the visitor's seams and pockets, touching the visitor's skin at the shirt-sleeves and collar, and requiring that the visitor lift, raise, or adjust their clothing for visual inspection, is not by itself an invasive search.

> A search of religious headwear and religious necklaces is not by itself an invasive search.

> You are excluded from the class if you were <u>arrested</u> for possession of contraband in the course of that visit, **unless** you were subject to an invasive search <u>during a different visit when you were not arrested</u>.

You have received this Notice because the DOC's records reflect that you visited a DOC facility during the Class Period and you may be a Settlement Class Member.

## IV. DISCUSSION OF SETTLEMENT TERMS

Under the terms of the Settlement, the City has agreed to pay a total amount of up to $12,500,000 ($twelve million five hundred thousand dollars) to the Class and the payment of legal fees and expenses as awarded by the Court, and has agreed to certain changes to the DOC's practices, as described in this Notice.

**TO BE ELIGIBLE FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A CLAIM FORM— PAYMENT UNDER THIS SETTLEMENT IS <u>NOT</u> AUTOMATIC. A CLAIM FORM AND INSTRUCTIONS ARE ATTACHED HERETO AS EXHIBIT A. IT MUST BE SUBMITTED BY [180 days from preliminary approval}**

**(1) By mail]; or**

**(2) SUBMIT A CLAIM ONLINE AT WWW.\_\_\_\_.COM.**

If you submit a Claim Form, the Claims Administrator shall be entitled to deny the claim if it is determined that you did not visit a DOC facility between November 23, 2012 and [the date of the preliminary approval] or you are otherwise not eligible for the reasons stated in Section III.

### A. How Will My Settlement Award Be Calculated?

Settlement Class Members will be eligible to receive a payment of approximately $4,000.00 in settlement of their claims if they were subject to an Invasive Search. However, you will receive an amount **other than** $4,000 under the following circumstances:

1. if you were subject to an Invasive Search and were found with contraband more than once, and were denied a visit or had your visit(s) restricted, you will receive $500.

2. if you were subject to an Invasive Search on your only visit and were found with contraband, and were denied a visit or had your visit restricted, you will receive $500.

\* *Note that if you visited a DOC facility more than once during the relevant time period, were subject to an Invasive Search and were not found with contraband on that visit, you will receive approximately $4000.00 subject to (3) <u>and (4)</u> below.*

3. For every claimant that is eligible for a payment of up to $500, an additional $500 will be allocated on a pro-rata basis among the claimants receiving up to $4,000. Therefore, you may receive more than $4,000, depending on the number of claimants that are eligible for a payment of up to $500.

4. If the total amount of claims made exceeds $12,500,000 ($twelve million five hundred thousand dollars), the Settlement Fund will be divided pro rata among the eligible claimants, and you may receive less than $4000.

5. Any amounts owed for child support may be deducted from your settlement payment. You will be notified of any such liens and given an opportunity to challenge their assertion.

### B. Will the Individuals That Represented the Class Receive a Service Payment?

Class Counsel will apply for service payments of a total of $70,000 (seventy thousand dollars) for the Class Representatives to compensate them for the time and effort they devoted to representing the Class in this case. Each of the Class Representatives had a meaningful role in the litigation, including providing deposition testimony and assistance with settlement negotiations.

### C. What the City Has Agreed to Do Under the Settlement

Among other things, the City has agreed to:

- Revise its Directive regarding the pat-frisk searches of inmate visitors to DOC facilities.
- Train relevant DOC staff in the proper method of conducting pat frisk searches of inmate visitors.
- Provide inmate visitors with information regarding proper pat frisk searches.

### V. RELEASE OF CLAIMS

If the Court grants final approval of the Settlement, then all Class Members who do not opt out will fully, finally, and forever release all claims covered by the Settlement Agreement against the City of New York, its agents and employees, up

to the [Preliminary Approval Date]. When claims are "released" it means that a person granting the release cannot sue the City or its agents/employees for the same claims that are covered by this lawsuit as set forth below and in the Settlement Agreement.

What this means for you is that you will not be able to bring a lawsuit for anything related to an Invasive Search conducted before [Preliminary Approval Date]. More specifically, you will be releasing any and all claims including, but not limited to, claims of deprivation of rights under New York State Law, 42 U.S.C. § 1983 ("Section 1983"), and any other applicable federal, state, or local statutes, common law, or regulation. This is true whether or not you are aware of those claims now.

This Release does not affect your rights to any claims that might arise after [the Preliminary Approval Date].

## VI. THE SETTLEMENT PROCESS, FINAL FAIRNESS HEARING AND YOUR RIGHTS

In order to decide whether to approve the Settlement, Judge Richard M. Berman will consider related papers and comments submitted by the Parties or others and will hold a hearing in open court. **This Fairness Hearing will be held at _____, at the Southern District of New York, 500 Pearl Street, Courtroom 17B, New York, New York 10007.**

You do not need to appear at the hearing. However, you may attend and you may also enter an appearance in the case through your own attorney, if you so desire. This appearance must be filed with the Clerk's Office and served on the Claims Administrator and Class Counsel no later than __45_ days after this Notice is postmarked.

You also may decide to "opt out" or ask to be excluded from the Settlement. If you exclude yourself from the Class, you will not be legally bound by the Court's judgments in this Civil Action and you also will not receive any money from this Class Action lawsuit—even if the Settlement is approved. Of course, even if you exclude yourself from this lawsuit and you have future interactions with DOC, any changes made to the City's policies mentioned above will still apply to you.

To ask to be excluded:

(1) You must send a request for exclusion that contains your name, address and telephone number and must be personally signed by you.

(2) The request for exclusion must contain the following language: "I understand that I am requesting to be excluded from the class monetary settlement and that I will receive no money from the Class Fund created under the Settlement Agreement entered into by the City. I understand that if I am excluded from the class monetary settlement, I may bring a separate legal action seeking damages, but may receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case.

(3) You must mail your request for exclusion postmarked by [DATE], to:
c/o
RG/2 Claims Administration LLC
*Grottano, et al. v. City of New York, et al.*
P.O. Box 59479
Philadelphia, PA 19102-9479

If you do not provide written notice of your intention to opt-out of the class (i.e. to be excluded from the class), and also do not return a Claim Form, you will not receive payment pursuant to the Settlement Agreement, and you will <u>not</u> be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit involving Invasive Searches during the Class Period (between November 23, 2012 and [the date of the preliminary approval]).

You also may submit any objections to this Settlement in writing. For any such written objections to be considered, you must follow the steps detailed below:

**Your objection must be postmarked [within __45_ days] after the postmark date of this Notice.**

Any objection must indicate the name of the case and number, and detail the specific reason for the objection.

You must mail your objection postmarked by [DATE], to:

RG/2 Claims Administration LLC
*Grottano, et al. v. City of New York, et al.*
P.O. Box 59479
Philadelphia, PA 19102-9479

Please do <u>not</u> send any comments directly to, or attempt to reach, Judge Berman in person.

## VII. THE LAWYERS REPRESENTING THE CLASS

As a Settlement Class Member, you are represented in this Civil Action by Class Counsel, as follows:

| | | |
|---|---|---|
| Raymond Audain<br>NAACP LDF<br>40 Rector Street<br>New York, NY 10006<br>www.naacpldf.org | Bruce Menken<br>Scott Simpson<br>Beranbaum Menken LLP<br>80 Pine Street, Suite 3202<br>New York, NY 10005<br>(212) 509-1616<br>www.nyemployeelaw.com | Oren Giskan<br>Giskan Solotaroff & Anderson LLP<br>90 Broad Street, 10th Floor<br>New York, NY 10004<br>(212) 847-8315<br>ogiskan@gslawny.com<br>www.gslawny.com |

Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with implementation of the Settlement throughout the remainder of the Settlement at no cost to you.

**A. How Will The Lawyers Be Paid?**

As is routine in class actions, Class Counsel will file a motion seeking court approval for an award of attorneys' fees, and costs and expenses. For more than three years, Class Counsel has litigated this case which involved extensive discovery including reviewing hundreds of thousands of documents and conducting depositions of DOC staff and city officials. Class Counsel has litigated this case on behalf of the Settlement Class without receiving any compensation for their services or reimbursement of their out-of-pocket litigation expenses and has undertaken significant risks in pursuing this matter. In addition to compensation and reimbursement for the work already performed thus far, all fees and expenses will include all future work Class Counsel will do associated with the finalization of the Settlement Agreement, overseeing the administration process, and ensuring the implementation of the non-monetary relief.

In connection with the Settlement, Class Counsel will submit a request for up to $5,400,000 (five million four hundred thousand dollars) for attorneys' fees and expenses. The City will pay any fees awarded by the Court separate and apart form the cash payments to Class Members.

**If you are a Class Member and receive payment from the Class Fund, you will not owe any fees or expenses to the lawyers who have represented you as a part of the Settlement Class. Whatever the Court awards to Class Counsel in fees and expenses will be paid only if and after the Settlement has been finally approved by the Court.**

## VIII. GETTING MORE INFORMATION

If you have further questions or are still not sure whether you are included, you can get free help by contacting the Claims Administrator at the contact information listed above.

This Notice contains only an overview of the Settlement and related matters. For a more detailed statement of the matters involved in the Settlement of this Civil Action, you may examine the pleadings, the Agreement relating to the Settlement of the Civil Action, and all other papers and documents filed with the Court in the Civil Action, which may be inspected during normal business hours at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.

**SHOULD YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, THIS CIVIL ACTION, THE SETTLEMENT OR THE FAIRNESS HEARING, YOU SHOULD DIRECT THEM TO [Settlement Administrator], AT THE TELEPHONE NUMBER SET FORTH ABOVE. PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE HONORABLE RICHARD M. BERMAN.**

Dated:_____,2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK