UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

DANA GROTTANO; N.D.,; and D.M.,
individually and on behalf of all others similarly
situated,

    Plaintiffs,

v.

THE CITY OF NEW YORK, COMMISSIONER
JOSEPH PONTE, CORRECTION OFFICER
YOLANDA CAPERS, AND CORRECTION
OFFICE THOMASENA GRAHAM,
all in their official capacities,

    Defendants.

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/19

Civil Action
15-cv-9242 (RMB) (KNF)

**ORDER CONCERNING
PRELIMINARY APPROVAL
OF THE CLASS ACTION
SETTLMENT**

**THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:**

WHEREAS, Plaintiffs Dana Grottano ("Grottano"), N.D., and D.M. (together, "Plaintiffs"), on behalf of themselves and all other similarly situated, have alleged in this class action lawsuit that the employees of the Department of Corrections are invasively searching visitors to the New York City Department of Correction ("DOC") facilities, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 12 of the New York State Constitution, and are seeking monetary and injunctive relief for all individuals who visited DOC facilities and were invasively searched within the Class Period set forth in the Motion for Preliminary Approval;[1] and

---

[1] An Invasive Search is defined as any search of a visitor conducted by DOC employees or by a visitor at the direction of DOC employees at a DOC facility that resulted in more than accidental or incidental exposure of, or contact with, a visitor's breasts, genitals, or buttocks as part of the search process.

WHEREAS, Defendants deny each and every one of Plaintiffs' allegations of unlawful conduct, deny all liability to Plaintiffs and the other Class Members, do not concede or admit any liability and intend to continue with a vigorous defense of this Action in the event the settlement agreement is not approved by the Court; and

WHEREAS, Defendants, through their counsel, and Plaintiffs, through their counsel and on behalf of themselves and the other Class Members, have engaged in vigorous, arms' length negotiations, which included the aid of and numerous mediation sessions before The Honorable James C. Francis IV (Ret.) over the course of five months, reached a settlement as described in the Stipulation of Settlement and Order, dated June 20, 2019 ("Settlement Agreement"), in which the Parties have agreed upon a settlement of this matter, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in final certification of the Class for settlement purposes only, and dismissal of the action with prejudice.

NOW THEREFORE, upon reviewing the Settlement Agreement, and all prior proceedings held herein, including the October 30, 2019 status conference, and the matter having come before the Court, based on the foregoing, the Court's proceedings, and the parties' joint Motions for Preliminary Approval of Class Action Settlement, Certification of the Class for Settlement Purposes, Approving Class Notice and Scheduling a Fairness Hearing,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1. **Jurisdiction.** This Court has personal jurisdiction over all members of the proposed Class (defined below) and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed Settlement and preliminarily certify the Class for settlement purposes only.

2. **Findings Regarding Proposed Settlement.** The Court finds that the proposed Settlement resulted from arms' length negotiations and is sufficient to warrant preliminary certification of the Class for settlement purposes, appointment of the claims administrator, the distribution by mail and otherwise of the Notice to the members of the Class, and a full hearing on the Settlement.

3. **Conditional Class Certification For Settlement Purposes.** For purposes of the settlement of this action, and only for such purposes, the Court hereby certifies the following Class:

> Any person who visited or attempted to visit an inmate housed at a New York City Department of Correction (DOC) facility from November 23, 2012, to October 30, 2019, who was subject to an invasive search.
>
> You are excluded from the class if you were arrested for possession of contraband in the course of that visit, unless you were subject to an invasive search on a separate occasion and were not arrested.

This certification is conditional and for the purposes of consideration and implementation of the proposed settlement only.

4. **Class Representative and Class Counsel.** Plaintiffs Dana Grottano, N.D., and D.M. are designated Class Representatives for settlement purposes only. The law firms of the NAACP Legal Defense and Educational Fund, Inc., Giskan Solotaroff & Anderson LLP, and Beranbaum Menken LLP are designated Class Counsel for settlement purposes only.

5. **Final Approval Hearing.** A hearing will be held at 12:30 p. m. on February 6, 2020 ("Final Approval Hearing") in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 17B to determine (a) whether this Action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice under the terms of the Settlement; (d) whether

3

members of the Class should be bound by the Release set forth in the Settlement; and (e) whether an application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and for a service award to Plaintiffs should be approved. The Parties' submissions in support of the Settlement shall be filed with the Court at least five (5) days prior to the Final Approval Hearing. Any member of the Class who does not exclude themselves from the Settlement may appear and be heard at the Final Approval Hearing.

6. **Notice to the Class.** The Notice to the Class shall be sent by mail to all individuals who visited DOC facilities within the Class Period, within 35 days of the entry of this Order (i.e. on or before December 5, 2019). In addition, the Parties shall provide publication notice (in English and in Spanish) to Class Members through the NY Daily News, NY Post, El Diario, Caribbean News, AM New York, and New York Amsterdam News; on Facebook and Instagram; on YouTube and/or local TV stations such as NY1 and Fox 5; and on MTA subways and buses. A summary notice of this settlement shall be posted at visitor areas at DOC facilities, on MTA buses to Rikers Island, and at MTA bus stop shelters for the Q100 and Q101 MTA buses to Rikers Island. The Claims Administrator will also maintain a website for any prospective class members to visit.

7. **Findings Concerning Notice.** The Notice to be given in the form and manner provided in Paragraph 6 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the members of the Class (a) of the pendency of this Action; (b) of their right to exclude themselves from the proposed Settlement; (c) that any judgment, whether favorable or not, will include all members of the Class who do not request exclusion; and (d) that any member of the Class who does not request exclusion may object to the Settlement and, if they desire, enter an appearance either personally or through counsel. The Court notes that the Notice and Summary Notices are written in simple English, finds such notice to be reasonable and

to constitute due, adequate, and sufficient notice to all persons entitled to be provided with such notice, and finds that it meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the Southern District of New York.

8. **Exclusion from the Class.** Any member of the Class who wishes to be excluded from the Class must mail a written request, postmarked no later than January 20, 2020, to the Claims Administrator at RG2 Claims Administration LLC, Grottano, et al. v. City of New York, et al., P.O. Box 59479, Philadelphia, PA 19102-9479. The request for exclusion need not be in any particular form, but it must include the following information: (1) the Class member's name, address, and telephone number; (2) a written statement that the Class member wishes to be excluded from the Class; and (3) the Class member's signature. Any member of the Class who does not file a timely written request for exclusion shall not be excluded from the Class and shall be bound by all subsequent proceedings, orders, and judgements in this action.

9. **Objections.** Any member of the Class who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, must file a written statement of objection no later than January 20, 2020, with the Court at United States District Court for the Southern District of New York, 500 Pearl Street, Suite 1630, New York, New York, 10007, under docket *Grottano, et al. v. City of N.Y., et al.,* 15 Civ. 9242 (RMB) (KNF), and serve copies thereof on the Claims Administrator.

The objection must include the Class Member's name, address, and telephone number, a statement of the Class Member's objection(s), any supporting evidence thereof, and the case name and number. Any member of the Class who files and serves a written objection may, but is not

5

required to, appear at the Final Approval Hearing, either in person or through counsel retained at the Class Member's expense.

10. **Claims Administrator.** RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479, is hereby authorized to perform tasks relating to providing notice to class members and administration of this Settlement. The Claims Administrator will be compensated for its work up to, but not more than, $500,000, and shall be required to submit time sheets detailing its work.

*/s/ RMB*

RICHARD M. BERMAN
United States District Judge

New York, New York
October 30, 2019