USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DANA GROTTANO, N.D., A.R. and D.M.,
individually and on behalf of all others similarly
situated,

                          Plaintiffs,

                - against -

THE CITY OF NEW YORK, THE CITY OF
NEW YORK DEPARTMENT OF CORRECTION
COMMISSIONER JOSEPH PONTE,
CORRECTION OFFICER YOLANDA CAPERS,
CAPTAIN ERICA MAYWEATHER,
CORRECTION OFFICER THOMASENA
GRAHAM and JOHN and JANE DOE
CORRECTION OFFICERS 1–25,

                          Defendants.
-----------------------------------------------------------------x

15-CV-9242 (RMB)

**ORDER**

Following a conference held with the parties on February 6, 2020, the Court has received and reviewed Plaintiffs' counsel's letter, dated February 7, 2020, and the City of New York's ("City") letter, dated February 10, 2020, which propose various redactions to the City's letter to the Court, dated February 5, 2020. The parties disagree over which parts of the February 5 Letter may or may not contain confidential information which may be redacted before the February 5 Letter is filed on the public docket.

By way of background, the parties entered a Settlement Agreement in this class action lawsuit on June 20, 2019 which calls for a payout of up to $4,000 for any person who visited or attempted to visit an inmate housed at a "New York City Department of Correction (DOC) facility from November 23, 2012, to October 30, 2019, [and] who was subject to an invasive search," unless the visitor was arrested for possession of contraband. See Order Preliminarily Approving Class Action Settlement, October 30, 2019, at 3. The City agreed to contribute

1

$12,500,000 to pay the individual awards which—at the rate of $4,000 per person—would be awarded to approximately 3,000 class members. The parties estimated that $12,500,000 would be sufficient to cover all eligible class members. They included a proviso that the award per class member would be reduced pro rata to compensate all eligible class members.

Based largely upon the parties' representations and submissions at a hearing held on October 30, 2019, the Court preliminarily approved the class action settlement. See Oct. 30, 2019 Hearing Tr., at 23–25. But on January 22, 2020, Plaintiffs' counsel informed the Court that the "number of claimants already far exceeds anything Class Counsel could have foreseen, and there are still three months left in the claims period." As of that date, more than 10,000 claimants had filed for inclusion in the class. Plaintiffs' counsel stated that "based on current numbers . . . the payout will be less than $1,000 per claimant," compared to the proposed $4,000. On February 5, 2020, the City filed the letter at issue here, under seal, responding to Plaintiffs' counsel's January 22 letter. On February 6, 2020, the Court directed the parties to propose any redactions to the City's February 5 letter so that the letter could be posted on the public docket.

With respect to redactions, the Court concludes that the City's proposal more closely coincides with any meaningful confidentiality concerns under the "mediation privilege," while not unduly restricting the public's right to know and transparency in these judicial proceedings. At the same time, the Court finds that the Plaintiffs' proposed redactions tend to paint too broadly and that some of the authorities cited by Plaintiff are readily distinguishable. For example, some of Plaintiffs' authorities involve a third-party seeking discovery of other parties' mediation communications or involve the Southern District of New York's Mediation Program confidentiality rules, which do not apply to the parties' private mediations. See Rocky Aspen Management 204 LLC v. Hanford Holdings LLC, 394 F. Supp. 3d 461, 463–64 (S.D.N.Y. 2019).

In any event, the issue of mediation confidentiality in the circumstances presented here is not of great moment. Neither party identifies any prejudice it would face from publicly filing either redacted version of the February 5 Letter. Much of that information has already been publicly revealed in some form such as the Memorandum of Understanding between the parties, dated March 15, 2019, attached as Exhibit B to the City's February 5 letter. The Memorandum of Understanding mirrors the terms of the Settlement Agreement. And, most importantly, neither party is barred from contending that the Settlement Agreement, dated June 20, 2019, should or should not be enforced, which is really the heart of the matter.

The Court will file a copy of the redacted version proposed by the City on the public docket.

Dated: New York, New York
February 13, 2020

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J.**