

James E. Johnson
*Corporation Counsel*

Kimberly Joyce
*Senior Counsel*
phone: (212) 356-2650
fax: (212) 356-3509
kjoyce@law.nyc.gov

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

February 5, 2020

**VIA HAND DELIVERY**
Honorable Richard M. Berman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re: Dana Grottano, et al., v. City of New York, et al., 15 Civ. 9242 (RMB)(KNF)

Dear Judge Berman:

I am one of the attorneys assigned to represent the City of New York in the above referenced matter. The City submits this letter in advance of the status conference currently scheduled for Thursday, February 6, 2020, at 10:00 a.m. to set forth defendants' position on the purported "issue" raised by Plaintiffs' Counsel in their letter to the Court dated January 22, 2020. This letter is being submitted directly to Chambers, and not filed publicly on the docket, as is permitted by the Court's individual rules, because it contains sensitive and confidential information.[1]

Plaintiffs asked for a conference with the Court to "*discuss how the parties should proceed*" and for the Court's "*guidance on this issue,*" that the number of claimants "*far exceeds anything Class Counsel could have foreseen*" and "*the payout will be less than $1000 per claimant.*" (Pl's ltr., dated Jan. 22, 2020, Dkt. Entry No. 263, Attached hereto as Exhibit A.)

---

[1] Pursuant to Your Honor's Individual Rules, "Letters. Communications with Chambers shall be by letter. Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, letters should be file electronically on ECF, with courtesy copies simultaneously delivered to Chambers. Copies of correspondence between counsel shall not be filed on ECF or otherwise sent to the Court." (Rule 1(A)).

As the Court is aware, at Plaintiffs' request, the Honorable James C. Francis, IV, mediated the settlement between the parties. On January 21, 2020, the parties met with Judge Francis to discuss Plaintiffs' concerns about this "issue". ███████████████████ ███████████████████████████████████████████████ Defendants submit though that there is no issue to be addressed at this time. The "issue" that Plaintiffs identified was entirely foreseen, and planned for when the parties agreed to the following language in the Memorandum of Understanding dated March 18, 2019 ("MOU") that *"[i]n the event the claims to be paid exceed $12,500,000, the amounts set forth in paragraphs (1) and (2) [i.e .up to $4,000 for claimants, and up to $500 for contraband claimants] will be reduced on a pro rata basis."* (MOU, Attached hereto as Exhibit B.)

After extensive discovery, the parties spent approximately six months negotiating this settlement, including at least eight in-person mediation sessions with Judge Francis, and countless emails and phone calls negotiating the terms of this settlement. No information relevant to the settlement was hidden from Plaintiffs' Counsel. That Plaintiffs are now concerned because they are receiving more claims than they anticipated should not be a surprise to them.

Given the City's vast experience in class actions settlements, the City made numerous attempts to structure the settlement in a way that would have avoided the "issue" as Plaintiffs see it, ███████████████████████████████████ A number of those proposals are briefly set forth herein.

First, defendants proposed, very early in the settlement negotiations, a two-tier system, with a floor, or minimum payment, to each claimant, and a higher payout should they be able to provide contemporaneous records/information that there was an actual invasive search. ██████ ██████████.

Second, the City suggested the inclusion of a narrative on the claim form which would require no proof other than the claimant explaining what they alleged occurred during the visit search, so that the parties and administrator could determine if the person was actually invasively searched based on the class definition. █████████████████████████████ █████████████████

Third, the City then suggested that claimants simply provide information including the date, facility, and inmate visited, and check any of four boxes that described their search as a baseline for making a claim. ██████████████████ Ultimately, Plaintiffs insisted on ██████ ███████████████████████████

Fourth, the City cautioned against using of the word "approximately" in relation to the estimated payout of $4,000, as we believed it would set an unrealistic expectation should the claims exceed the range that would trigger the pro-rata provision of the settlement – as Plaintiffs' Counsel now complains. In fact, the wording of the MOU was "up to" $4,000 at the City's insistence. ████████████████████████████████████████████ ██████████████████

2

Fifth, Plaintiffs' Counsel engaged in the largest direct mailing and advertising campaign in Law Department class action history, with the Administrator sending direct notice to class members – i.e. 310,000 inmate visitors to DOC from November 23, 2012 to October 30, 2019, as well as subway, bus, radio, print, television, and social media notices.

Sixth, the parties agreed, after days of negotiation, at arm's length, to a fund of $12.5 million, separate incentive awards for the three class representatives totaling $70,000, and attorneys' fees to be negotiated separately. Class Counsel was made aware that the class size during the relevant time period was over 300,000 claimants, and that the approximate number of pat frisk searches conducted monthly by DOC was approximately 3,000. With approximately 20,000 claims returned to date, that equates to just over a 6% return rate. Nothing about that return rate is outrageous or shocking to the conscience.

In conclusion, there is no change in circumstances or basis to justify the re-opening of settlement negotiations, and certainly nothing that would require the City to provide additional money to the Class Fund.

Counsel for the City will be prepared to discuss these issues further with the Court at Thursday's court conference. Defendants thank the Court for its consideration.

Respectfully submitted,

Kimberley Joyce
*Senior Counsel*

cc: All Counsel for Plaintiffs (By Email)