

**Lord & Schewel PLLC**

The Woolworth Building™
233 Broadway, Suite 2220
New York, NY 10279

P: 718-701-1002
E: lord@nycivilrights.nyc

September 30, 2020

Honorable Richard Berman
United Stated District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
<u>VIA ECF</u>

   RE: Patricia Cardona's Late Opt-Out Of Class Certification

Your Honor,

  Pursuant to your local rules, we write this letter to request a pre-motion conference pursuant to Federal Rule 6(b)(1)(B) requesting the Court grant Patricia Cardona's application for a late-opt out of class certification. Ms. Cardona is a member of the Class that has a pending suit in State Court.

  To satisfy due process, class members must be given the opportunity to opt out if their monetary damages will be extinguished. Here, Ms. Cardona never received an opt out notice so she was denied due process.[1]

  Moreover, A late request to opt out may be granted where the class member demonstrates excusable neglect, which requires a showing of good faith and a reasonable basis for noncompliance, and which may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.[2] Even under the Second Circuit more stringent standard, Ms. Cardona can demonstrate a unique meritorious reason for the extended length of the delay.

  Concerning her claim, Patricia Cardona was humiliated and sexually assaulted by a corrections officer on her first visit to Brooklyn Detention Complex on August 26, 2016. This sexual assault involved the Correction Officer forcing her to remove her stomach piercing, the piercing on

---

[1] *See Generally, Matthews v. United Retail, Inc.,* 248 F.R.D. 210, 70 Fed. R. Serv. 3d 29 (N.D. Ill. 2008); *Coppolino v. Total Call Intern*., Inc., 588 F. Supp. 2d 594 (D.N.J. 2008).
[2] <u>In re Enron Corp.</u>, 419 F.3d 115 (2d Cir. 2005)



her nipples, before fondling her breasts and reaching into her pants and touching her vagina.  These acts, if they had been criminally prosecuted, would have made out forcible touching, a Class A Misdemeanor, and Sexual Abuse in the First Degree, a Class D Felony.

A brief history of the procedural posture may be helpful.  On November 15, 2016 a Notice of Claim was filed against the City.  On January 11, 2017, Ms. Cardona sat for a 50-H Hearing pursuant to GML 50-H.  On June 06, 2019, Ms. Cardona's prior attorneys filed an Order to Show Cause requesting pre-action discovery.  On July 31, 2019, Ms. Cardona retained Lord & Schewel PLLC.  On August 01, 2019, the City was ordered to preserve evidence pursuant to CPLR 3102(c).  Then, on August 23, 2019, Plaintiff filed claims under U.S.C. 1983 in Kings County Supreme Court under Index Number 518723/2019.

 On or about October 09, 2019 an attorney for Corporation Counsel informed counsel that Ms. Cardona's case was being referred to early settlement.  Counsel did not hear from a representative from until January 2020, when a new Corporation Counsel attorney assigned on the matter contacted Counsel, and where Counsel re-affirmed Ms. Cardona's intention to proceed separate from the settlement.  No mention was made of the opt-out notice.  Counsel was then informed that the case was being sent to settlement and that the process would take upwards of 60 days to get approval.  On April 23, 2020, Plaintiff again contacted a new Corporation Counsel Attorney requesting an update on settlement.  There was no mention of an opt-out notice or that as a basis for denying the claim.  On July 14, 2020 Plaintiff filed a Preliminary Conference after failing to hear any response to his emails regarding the status of the referral to settlement.

Counsel attempted to contact the ACC Kimberly Joyce on this case regarding discussing Ms. Cardona's status once he realized that the opt-out deadline had passed.  An email was sent on August 25, 2020, which received no response.  Another email was sent on September 29,2020, which again received no response.  Consequently, Ms. Cardona was left with no recourse but to file this with the Court.



      Consequently, we will ask this court to grant Ms. Cardona's request for a late opt out of the class and for any further relief that the Court finds just and proper.

Sincerely,

/s/

Masai I. Lord, Esq

Lord & Schewel PLLC

233 Broadway, Suite 2220

New York, NY 10279

P: 718-701-1002

E: lord@nycivilrights.nyc