## MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

**MEMO ENDORSED**

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

November 29, 2021

> See transcript of today's proceeding to determine what obligations of counsel + the Claims administrator here have not been met and what the Court still requires the parties to accomplish + when, e.g. lead Pls
>
> SO ORDERED:
> Date: 11/30/21        Richard A. Berman
>                       Richard M. Berman, U.S.D.J.
>
> Monetary awards ($70k); resolution of all class claims, etc.

**VIA ECF**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

Re: *Grottano et al. v. City of New York, et al.*, 15-cv-09242-RMB-KNF

Dear Judge Berman:

    This law firm represents the Plaintiffs in the above-captioned matter. In advance of the conference scheduled for November 30, 2021, the Court ordered the parties to provide the following information: (i) a representation of the earliest and latest possible date that class members would be paid; (ii) a listing of the numbers of claimants who fall into the different categories we discussed at the conference; (iii) an estimate of when class members would be paid. The Court also ordered the parties to meet and confer to discuss expediting the claims process and distribution of settlement funds. The parties, along with William Wickersham from this matter's claims administrator, RG/2, held a one hour and 45 minute call on Wednesday, November 24, and another 30 minute call (without Mr. Wickersham) on Friday, November 26 to discuss these matters.

    I write jointly with Defendants to provide further information based on the parties' discussions and progress. Based on the work the parties have remaining to do, and the City's lien check obligations, the parties estimate that the earliest date that checks can go out to class members is February 1, 2022. The parties cannot really determine an outside date for payments, given unforeseen circumstances and possible loose ends. But the parties cannot think of a reason why payment cannot be made by March 1. The parties provide some background information below prior to laying out the proposed schedule.

1

## Timing of the Funding of the Settlement

Pursuant to paragraph 20 of the Settlement Agreement, available at ECF no. 251-3, payment can be made no sooner than:

> 20. "Effective Date for Payment" is the date when the City's obligation to deposit the Class Fund of $12,500,000.00 (Twelve Million Five Hundred Thousand Dollars) becomes effective. It is five (5) business days following entry of the Final Approval Order.
> 21. "Final Approval Order" means an Order by the Court, after a fairness hearing, granting Final Approval to this Settlement Stipulation, approving Class Counsel's fees and costs, approving the Administrative costs, approving Service Award Payments, and dismissing the Civil Action with prejudice.

*Id.* at 6. Paragraph 62 provides:

> 62. Subject to the terms and conditions of this Stipulation and the approval of the Court, within forty-five (45) calendar days of the Effective Date for Payment, the City shall deposit or cause to be deposited into a bank account designated by the Claims Administrator, the Class Fund.

*Id.* at 22.

## The City's Lien Obligations

Prior to the issuance of payments in this matter, in order to comply with federal reporting requirements, the City must perform searches to determine which potential class members are Medicare recipients through the Centers for Medicare and Medicaid Services (CMS). Federal law requires that self-insured liability entities, such as the City of New York, report certain information to Medicare regarding the claims of Medicare recipients and ensure that Medicare's financial interests in obtaining reimbursement from plaintiffs are fully protected. See Section 111 of the Medicare & Medicaid SCHIP Extension Act of 2007, 42 U.S.C. §1395y. In order that this may be accomplished, the law imposes an obligation on plaintiffs to provide their Social Security numbers upon request of a liability carrier. Sekou v. City of New York, 2013 U.S. Dist. LEXIS 15597, at *5-6 (E.D.N.Y. Feb. 5, 2013) ("This Court agrees that defendants risked being found in violation of Medicare reporting laws had they processed the settlement before submitting plaintiff's SSN to the CMS query system.") Submission of personal identifying information (PII) to the CMS query system occurs monthly on or about the first of the month. The City has already begun the CMS query process and anticipates that data for approximately 2,000 class members will be submitted to the CMS query system on or about December 1, 2021. The City awaits further PII data from RG/2 to continue the query process.

The City is also required to transmit the names and PII of all class members to the Office of Child Support Services at the NYC Human Resources Administration so that a search can be conducted for any class members who may owe child support arrears. HRA will then prepare and

transmit a restraint document to the claims administrator and the class member, and eventually, some or all of the payment to each class member who owes child support will be paid from the Class Fund by RG2 to the State of New York.

Next Steps — **NOT Approved by Court RMB**

In light of the Court's order on Final Approval, issued today, November 29, 2021, the parties believe the earliest date on which the checks could go out is **February 1, 2022**. Between now and then, the parties need to do the following:

- Provide a final list of claimants who will receive cure letters by December 1, 2021; RG/2 to mail out cure letters as soon as possible. Responses must be postmarked within 21 days of the mail date. RG/2 estimate that all timely cure letters should be received within 10 business days of the due date[2];
- All disputes between Plaintiffs and City concerning rejected claims to be completed by January 7, 2022 (including those adjudicated by Judge Francis, if necessary, although the parties will endeavor to avoid the necessity of such adjudication).
- Letters with SIFs must be sent to a) visitors who contest rejections for not being on visitor list, and b) first round claimants who did not receive SIFs.
  - The parties must review these SIFs and send cure letters if necessary.
- Plaintiffs to file their letter motion on behalf of approximately 25 late claimants by December 3, 2021; City to respond by December 9, 2021. Should Plaintiffs prevail, RG/2 will send out the SIFs to those claimants within one business day of the Court's ruling.
- City Comptroller to transfer the settlement fund into an account designated by RG/2. Pursuant to the Settlement Agreement, the deadline for this transfer is January 18, 2022. [**Strk**]
- City to perform the required CMS and child support searches. If the City receives complete and accurate PII data for the remaining class members and potential class members from RG/2 by December 13, 2021, it believes that all of these claimants can be submitted as part of the January 2022 CMS search. CMS searches typically require approximately two weeks, but, in light of the City's potential liability and the fact that the timing of the response is beyond the City's control, the City has allocated three weeks to complete this step. The child support search can be conducted concurrently and will be completed by the time CMS results are returned. The approximate date payment to the majority of the claimants would be cleared with respect to the child support liens and CMS queries would therefore be January 25, 2022.
- RG2 to provide counsel with final class list for their review. The parties will be given three days to audit and review the class list.
- Checks to go out. RG/2 has represented they need five to eight business days from the final class list to print and distribute checks to the vast majority of the

---

[2] This takes into account a possible USPS slowdown, which according to Mr. Wickersham is likely to be exacerbated by the holiday mail rush.

class. However, certain class members' payments may be delayed due to administrative issues such as owing liens or having failed initially to provide complete PII.

### Description of Different Categories of Claimants Under Consideration

There are various groups of claimants at different stages of the approval process. The following is a list of claimant categories and the approximate number of claimants in each category:

Initially Accepted Claims: 7,733 claims accepted by RG/2
Additional Claims the Parties agreed to include: approx. 1,050 to date (this number to increase as the City continues its review)
Total Accepted Claims to Date: approx. 8,783
Claimants receiving a cure letter: 136 (as of now)[3]
Claimants not on visitor list who will be receiving SIFs: Awaiting data from RG/2 but we believe it is approximately 160.
Claimants who will be the subject of Plaintiffs' motion on behalf of late claimants: Approx. 25
Eligible Claimants who never received a SIF: Approximately 50.

We look forward to a productive conference on Tuesday.

Respectfully yours,

/s/ Scott Simpson
Scott Simpson
Menken Simpson & Rozger LLP
80 Pine St., 33rd Fl.
New York, NY 10005
Tel.: 212-509-1616
Fax: 212-509-8088

cc: All Counsel (via ECF)

---

[3] There may be a few more based on the parties' continued review of some claims.