**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
DANA GROTTANO, N.D., and D.M., individually :
and on behalf of all others similarly situated,   :
   :
          Plaintiffs,   :
   :          15-CV-9242 (RMB)
   - against -   :
   :          **ORDER**
THE CITY OF NEW YORK, THE CITY OF   :
NEW YORK DEPARTMENT OF CORRECTION  :
COMMISSIONER JOSEPH PONTE,   :
CORRECTION OFFICER YOLANDA CAPERS  ::
CORRECTION OFFICER THOMASENA   :
GRAHAM and JOHN and JANE DOE   :
CORRECTION OFFICERS 1–25,   :
   :
          Defendants.   :
-----------------------------------------------------------------x

This Order addresses Plaintiffs' "Motion to Compel Inclusion of Late Claimants [in the Settlement Class]," dated December 9, 2021. For the reasons stated below, Plaintiffs' motion is granted.

I.    **Overview**

On December 6, 2021, Plaintiffs' counsel asked Defense counsel to agree to include 18 claimants in the Settlement Class who had filed untimely claims during the first round of claims administration. Defs.' Opp. at 1. According to Plaintiffs, "[e]ach of these [18] individuals submitted late initial claims because of extenuating circumstances," particularly the COVID-19 pandemic. Pls' Mot. at 1. Following several meet-and-confers, Defense counsel agreed to include 8 of the 18 late claims in the Settlement Class but continue to "oppos[e] plaintiffs' request[] that [the other 10] late claimants be permitted to participate in the settlement." Defs.' Opp. at 1. Based upon the anticipated payout of approximately $1,000 per Class Member, the cumulative payout to the 10 late claimants would be approximately $10,000 or .08% of the $12.5 million Settlement Fund. It is disappointing that the parties were unable to resolve these 10 claims on their own.

1

II.     Analysis

"[A] district court overseeing settlement distribution has inherent power to accept late claims." In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987) (citation omitted). "[T]here is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement." In re Authentidate Holding Corp. Sec. Litig., 2013 WL 324153, at *2 (S.D.N.Y. Jan. 25, 2013) (citation omitted). "The Court may permit late claims where the untimeliness resulted from 'excusable neglect.'" Id. at *1. "The determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." In re Painewebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998). "These factors include (1) the danger of prejudice to the adversary, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the party seeking relief, and (4) whether the party seeking relief acted in good faith." Dahingo v. Royal Caribbean Cruises, Ltd., 312 F. Supp. 2d 440, 447 (S.D.N.Y. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 395 (1993)).

The Court finds excusable neglect in each of the 10 unresolved late claims. With respect to the first of these four factors – the danger of prejudice to the non-movants – there is little to no risk of prejudice. See Dahingo v. Royal Caribbean Cruises, Ltd., 312 F. Supp. 2d 440, 446 (S.D.N.Y. 2004) ("[s]ince the settlement agreement had established a fixed [] fund, there could be no prejudice to the defendants [in allowing the late claims]" (citing In re Agent Orange Prod. Liab. Litig., 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988)); In re Orthopedic Bone Screw Prod. Liab. Litig., 246 F.3d 315, 323 (3d Cir. 2001). Nor will the timely claimants in the Settlement Class be prejudiced by the addition of the late claimants because as noted, the 10 late claimants "represent only a minuscule fraction of the total settlement class" (.08%) and their inclusion in the Class would "result in only a minuscule reduction in recovery by timely plaintiffs." In re Orthopedic Bone, 246 F.3d at 324 ("[the late claimants] represent only a minuscule fraction of the total settlement class . . . . it cannot

2

reasonably be argued that the effect of their inclusion is anything but marginal"); see also Zients v. LaMorte, 459 F.2d 628, 630 (2d Cir. 1972).

With respect to the length of any delay and its potential impact on judicial proceedings, it is inconceivable that the addition of 10 approved claimants would delay payment to the thousands of members of the Settlement Class. Defendants make no persuasive arguments to the contrary. Zients, 459 F.2d at 630–31 ("where, as here, . . . the administration of the fund would be insignificantly hampered by allowing these few late claims, [the late claimants] should be permitted to participate in the fund").

"[T]he reason for the delay, including whether it was within the reasonable control of the movant" and "whether the movant acted in good faith" also support inclusion of the 10 late claims. In re Painewebber, 147 F.3d at 135. The claims submission deadline of April 27, 2020 took place during "the peak of the pandemic" – a period which "presented unprecedented challenges" and "disrupted nearly every facet of normal life." United States v. Arias Villar, 2020 WL 1888841, at *2 (S.D.N.Y. Apr. 16, 2020); King v. City of New York, 2021 WL 1856840, at *3 (S.D.N.Y. Apr. 6, 2021); see also Jin Wu et al., The Pandemic's Hidden Toll: Half a Million Deaths, New York Times, Apr. 21, 2020. The reasons for the 10 late claims, as detailed in Plaintiffs' motion and supporting papers, reflect the extraordinarily difficult and unprecedented circumstances of the pandemic that the claimants had to contend with. See, e.g., Pls.' Mot. at 3; Simpson Decl. ¶¶ 7, 11, 12; see also Jake Offenhartz, "The Mail Just Stopped": Coronavirus Staffing Shortages and Budget Gaps Push Postal Service to Brink of Collapse, Gothamist, Apr. 2, 2020. Several claimants state persuasively that they "relocated . . . at the beginning of the COVID-19 outbreak . . . in March 2020 [in order to] quarantine" and that they therefore did not receive their mail, including their claim forms, until after the deadline had lapsed. See Pls.' Mot. at 4; Simpson Decl. ¶¶ 15, 17, Exs. 4, 6. Other claimants state that they suffered from "underlying [COVID-19] health conditions" which hindered the submission of their claim forms. Simpson Decl. ¶ 13, Ex. 3; Sanchez Mena v. Gomez

<u>Paz</u>, 2020 WL 4732126, at *2 (D. Utah Aug. 14, 2020); <u>Appau v. Comm'r of Soc. Sec.</u>, 2020 WL 5526785, at *1-2 (D.N.J. Sept. 15, 2020) ("Given the serious and continuing nature of the COVID-19 pandemic, its interruption upon the daily lives of citizens, and, importantly, its effect on individuals with underlying health conditions, . . . the Court finds that Plaintiff has demonstrated excusable neglect."); <u>Arora v. Kharat,</u> 2021 WL 2712055, at *2 (N.D. Ill. July 1, 2021) ("This Court is sympathetic to the challenges caused by the COVID-19 pandemic and as a result is inclined to find [the] delay excusable.").

## III.    Conclusion & Order

**For the foregoing reasons, the Court grants Plaintiffs' Motion to Compel the Inclusion of the Remaining 10 Late Claimants in the Settlement Class [Dkt. # 386].**


Dated: New York, New York
       December 17, 2021

_____
    **RICHARD M. BERMAN**
    **U.S.D.J.**

4